THE STATE ex rel. MOBERLY SPECIAL ROAD DISTRICT, Appellant, v. C. R. BURTON et al., Judges of County Court.

**Division Two, June 4, 1920.**

.1. **APPEAL: Record Proper.** In mandamus, the alternative writ, the return thereto, a demurrer to the return and a judgment on the demurrer constitute the record proper, and no motion for a new trial, no motion in arrest of judgment, nor a bill of exceptions is necessary for a review of those record matters in the appellate court.

2. **SPECIAL ROAD DISTRICT: Ten Cent Levy: Discretion of County Court.** By Section 37 of the Act of 1917, Laws 1917, pages 457-8, the tax of ten cents on the hundred dollars' valuation levied by the county court upon all property situate within a special road district is to be paid into the county treasury, placed to the credit of the road district and paid out to said district upon warrants in favor of its officers. The county court has no discretion in the matter; but the tax not to exceed twenty cents on the hundred dollars' valuation levied for road purposes by virtue of Section 11 of Article 10 of the Constitution, is by the statute, when collected, to be paid over to the special road district.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Willard P. Cave* for appellant.

(1) The return of respondents pleads a single defense, viz: That Sec. 10594, R. S. 1909, was repealed by Sec. 106, p. 477, Laws of 1917; it is admitted by respondents that there is no specific repeal of Section 10594, but they assert it is repealed by implication by Sec. 36, p. 457, Laws of 1917. (2) A repeal by implication is not favored in law, and the specific repeal of one section of a statute raises a clear implication that no further repeal was intended. State v. Morrow, 26 Mo. 131; State

v. Jaeger, 63 Mo. 403; Manker v. Faulhaber, 94 Mo. 430. (3) Repeals by implication are not favored, and are only allowable where a later statute is so repugnant and irreconcilable with a former one that both cannot stand together. State ex rel. Gordon v. Hopkins, 87 Mo. 519; State ex rel. Martin v. Wofford, 121 Mo. 61. (4) A subsequent act will not impliedly repeal a former one, where the two acts are so irreconcilably inconsistent. State ex rel. Younger v. Stratton, 136 Mo. 423; Donnell v. Lee, 101 Mo. App. 191; Lang v. Calloway, 68 Mo. App. 393; City of Lamar v. Adams, 90 Mo. App. 35. (5) The special law prevails over general provisions. 36 Cyc. 1151; Folk v. St. Louis, 250 Mo. 135; Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Wilder, 197 Mo. 35; St. Louis v. Klausmeier, 213 Mo. 130; 1 Lewis's Sutherland on Statutory Construction (2 Ed.), p. 529. (6) The provisions of the special road district law govern. Section 10606, R. S. 1909, reads: "The general road law in force in such County shall remain in force in such districts, except wherein the provisions thereof shall be in conflict with the provisions of this article."

*Aubrey R. Hammett* for respondent.

(1) All statutes which are *in pari materia,* should be construed together in order to ascertain the legislative intent. State v. Shortell, 174 Mo. App. 153; State ex rel. v. Forrest, 177 Mo. App. 252; In re Estate of Ryan, 174 Mo. App. 207. And this is true, even though enacted at different dates. State ex inf. v. Koeln, 270 Mo. 191. In determining the legislative intent the whole body of the law on the subject · must be considered. Gantt v. Brown, 238 Mo. 577. (2) The different sections of the statutes relating to the same subject must be, for the purpose of construction, regarded as *in pari materia.* McClanahan v. DeWitt, 160 Mo. App. 307.

RAILEY, C.—On April 24, 1918, there was filed in the Circuit Court of Randolph County, Missouri, by the Moberly Special Road District of said county, a petition for mandamus against respondents, G. R. Burton, A. B.

McCoy and G. P. Fullington, qualified and acting judges of the county court of said county. The petition alleges that it was the duty of said county court, at its regular May term, 1917, held on the fourth Monday in May, 1917, to fix and determine the amount of the various tax levies on all property, both real and personal, subject to state, county, school and road taxes, within the limits of said Randolph County, Missouri; that in compliance with their said duties, the judges of the county court aforesaid, at its May term, 1917, levied, among other things, ten cents on the one hundred dollars valuation, on all property in Randolph County aforesaid, for road and bridge purposes, in addition to the levy for special road and bridge purposes. The petition avers, that it was the duty of said county court to cause all that portion of said levy of ten cents on the one-hundred dollars' valuation, collected for general road and bridge purposes, within the territorial boundaries and limits of said Moberly Special Road District, to be turned over to the officers of the Moberly Special Road District of Randolph County, Missouri.

It is further averred, that there had been collected in the way of taxes, on said levy of ten cents on the one hundred dollars' valuation, on property lying within the territorial limits of said special road district, for the year 1917, and paid into the county treasury, the sum of $4066.40; that the same is now in said treasury of Randolph County, Missouri; that it was paid on real and personal property within said special road district, as road and bridge taxes, under the provisions of Section 36, of Article II, of the Laws of Missouri of 1917, page 457.

The petition avers that on February 25, 1918, said special road district requested said county court to issue to it and its officers, a warrant to the amount of $4066.40, so collected on all property lying within the territorial limits of said special road district, as road and bridge taxes; that requests and demands were made before said moneys were distributed or paid out by said county court.

It is further alleged, that said county court refused to turn over or pay to said special road district, or to its officers, the said $4066.40, or any part thereof, but said judges of the county court aforesaid have refused to pay over, or cause to be paid, any of said road and bridge taxes, etc.

The petition concludes with a prayer for a writ of mandamus against the county court judges aforesaid, requiring them and said county court to issue proper warrants, and pay over to said special road district, the said levy of road and bridge taxes, collected on property within said special road district, for the year 1917, amounting to $4066.40, etc.

Respondents filed their return, and denied all the allegations of petition, except such as are specifically admitted to be true. They admit that the Moberly Special Road District of Randolph County, Missouri, is organized and exists according to law; that said respondents, Burton, McCoy and Fullington, are the duly elected, qualified and acting judges of the county court of said county; they admit that it was the duty of said judges to fix and determine the tax levy, as set forth in above petition; they admit that there has been collected, in the way of taxes on property lying within the territorial limits of said special road district, for the year 1917, and paid into the county treasury, $4066.40, as set forth in petition and alternative writ; they admit that on February 25, 1918, said special road district requested said county court to pay over to said Moberly Special Road District, and before said moneys were distributed, the said sum of $4066.40; they admit that said county court refused to pay said sum, so collected, as aforesaid, or any part thereof, to said special road district, and still refuse so to do.

Said return further avers that a writ of mandamus ought not to issue herein, for the reason, that Section 10594, Revised Statutes 1909, as amended by Section 1 of the Laws of Missouri of 1913, page 667, is repealed by Section 106 of the Laws of Missouri of 1917, page 477, and, for the further reason that, under the law as it

now stands, it is optional and discretionary with said county court as to paying the taxes collected and set forth in the petition, to the commissioners of said special road district, and, the county court, having exclusive jurisdiction thereof, having acted in the matter, the circuit court ought not by mandamus to compel said county court to reverse its decision, etc.

Appellant demurred to said return, for the reason "that it appears upon the face thereof that the same does not state facts sufficient to constitute a defense, nor show any cause whatever for not obeying said writ."

On April 24, 1918, said demurrer was overruled. Appellant stood upon its demurrer and refused to plead further. Thereupon the issues were found in favor of respondents and, on April 24, 1918, judgment was entered accordingly.

Appellant, in due time, appealed the cause to this court.

I. As a matter of precaution, counsel for appellant filed a motion for a new trial, motion in arrest of judgment and a bill of exceptions. In this case, the alternative writ, the return thereto, the demurrer to said return, and the judgment, constituted the record proper. No motion for a new trial, motion in arrest of judgment, nor bill of exceptions, were necessary in order to present to this court the errors complained of herein. [Spears v. Bond, 79 Mo. 467; Hannah v. Hannah, 109 Mo. 236, 240-1; State ex rel. v. Campbell, 120 Mo. 1. c. 403; Thorp v. Miller, 137 Mo. 231; McKenzie v. Donnell, 151 Mo. 431; Benton County v. Morgan, 163 Mo. 1. c. 670; Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 1. c. 395; Dysart v. Crow, 170 Mo. 1. c. 280; Meissner v. Railway Equipment Co., 211 Mo. 1. c. 121-2; State v. Christopher, 212 Mo. 1. c. 246; Shohoney v. Railroad, 223 Mo. 1. c. 659-60; Houtz v. Hellman, 228 Mo. 655-663; Diener v. Chronicle Publishing Co., 230 Mo. 1. c. 619-20.]

*Appeal.*

II. After spending three days investigating the laws of this State as they existed prior to 1917, in re-

gard to the *status* of special road districts, we have reached the conclusion that appellant is entitled to main- tain this action, unless it is precluded from so doing by the provisions of Sections 36 and 37 of the Laws of 1917, pages 457-8, relied upon by re- spondents.  It is contended by the latter that the last named act, in legal effect, if not in terms, repeals the former laws upon this subject.  Waiving the above con- tention for the present, we will first determine whether appellant is entitled to recover upon the record before us, under the Act of 1917, supra.  If answered in the affirmative, there will be no necessity for passing upon the former question.

Act of 1917.

Respondents, in their return, "admit that there has been collected in the way of taxes on property lying within the territorial limits of said Moberly Special Road District of Randolph County for the year 1917, and paid into the county treasury the sum of $4066.40 as set forth in plaintiff's petition and alternative writ; admit that petitioner on the 25th day of February, 1918, requested said county court to pay over to said Moberly Special Road District, and before said moneys were dis- tributed, the said sum of $4066.40;  admit that said county court has refused to pay said sum so collected as aforesaid or any part thereof to said Moberly Special Road District, and that they still refuse so to do."

They take the position, that it is optional and dis- cretionary with said county court as to whether it will pay to the special road district the tax collected and set forth in the above return;  and that as the county court had jurisdiction over this matter, and acted, in regard to same, its decision should not be reversed.

Sections 36-7 of the Laws of 1917, pages 457-8, read as follows:

"Sec. 36.  The county courts in the several counties of this State, having a population of less than two hun- dred and fifty thousand inhabitants, at the May term thereof in each year, shall levy upon all real and per- sonal property made taxable by law, a tax of not more than twenty cents, nor less than ten cents, on the

hundred dollars' valuation as a road tax, which levy shall be collected and paid into the county treasury as other revenue, and shall be placed to the credit of the 'county road and bridge fund.'

"Sec. 37. In addition to the levy authorized by the preceding section the county courts of the counties of this State, other than those under township organization, in their discretion may levy and collect a special tax not exceeding twenty-five cents on each one hundred dollars valuation, to be used for road and bridge purposes, but for no other purposes whatever, and the same shall be known and designated as the 'special road and bridge fund' of the county: (*Provided,* however, that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any road district, shall be paid into the county treasury and placed to the credit of the special road district, or other road district, from which it arose, and shall be paid out to the respective road districts upon warrants of the county court, in favor of the commissioners, treasurer or overseer of the district as the case may be.) *Provided, further,* that the part of said special road and bridge tax arising from and paid upon property not situated in any road district, special or otherwise, shall be placed to the credit of the 'county road and bridge fund' and be used in the construction and maintenance of roads, and may, in the discretion of the county court, be used in improving or repairing any street in any incorporated city or village in the county, if said street shall form a part of a continuous highway of said county leading through such city or village; but no part of said fund shall be used to pay the damages incident to, or costs of, establishing any road."

It will be observed from reading Section 36, in connection with the first proviso mentioned in Section 37 (placed in brackets by way of convenience), that all the tax which is collected from property lying within any road district, shall be paid into the county treasury, and placed to the credit of the said district, etc. That part

of Section 37, contained in the above proviso, is valid to the extent of requiring all tax collected by virtue of Section 11 of Article 10 of the Constitution, under Section 36 supra, on property within the special road district, to be applied to the credit of the latter. Said proviso, however, cannot legally apply, to the special road and bridge taxes, levied under Section 37 supra and Section 22 of Article 10 of our Constitution, adopted in 1908, which reads as follows:

"Sec. 22. In addition to taxes authorized to be levied for county purposes under and by virtue of Section 11, Article 10 of the Constitution of this State, the county court in the several counties of this State not under township organization, and the township board of directors in the several counties under township organization, may, in their discretion, levy and collect, in the same manner as state and county taxes are collected, a special tax not exceeding twenty-five cents on each $100 valuation, to be used for road and bridge purposes, but for no other purpose whatever; and the power hereby given said county courts and township boards is declared to be a discretionary power."

Under this section of the Constitution, the county court had the right to levy, in addition to the ten cents, described in Section 36, a special road and bridge tax of twenty-five cents on each $100 valuation, under Section 37. Section 22 of the Constitution did not vest in the Legislature the power to compel the county court to levy said twenty-five cents or any part of same. On the contrary, the county court is given a discretionary power in respect to said matter. This, however, does not relieve the county court from levying a tax for road purposes, of not more than twenty cents, nor less than ten cents, on the $100 valuation, which is to be collected from the property in the special road district, by virtue of Section 36 supra, under Section 11 of Article 10 of our Constitution.

This whole subject was fully considered in an able and exhaustive opinion of the other Division, in Carthage Road District v. Ross, 270 Mo. 76 et seq., 192 S. W.

976, in which, the various provisions of our laws were considered, as they existed prior to 1917. We are of the opinion that the principles of law announced in the above case, apply with equal force to a reasonable construction of Sections 36 and 37 of the Laws of 1917.

It appears from the record that the county court of Randolph County, in May, 1917, levied ten cents on the $100 valuation of all the taxable property in said county for road purposes; that by virtue of the first proviso, contained in Section 37 supra, the ten per cent collected on all of said taxable property contained in the Moberly Special Road District was properly paid into the county treasury of said county, and belonged to said special road district. It being conceded that the above amount collected for that purpose was $4066.40, and due demand having been made for said sum, the right of relator to enforce the payment of same by mandamus, was clearly established. We are, therefore, of the opinion, that the trial court reached an erroneous conclusion as to the disposition of this case.

We accordingly reverse and remand the cause, with directions to the trial court to set aside its judgment, and to dispose of the case in accordance with the views heretofore expressed. *White* and *Mozley, CC.*, concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur, except *Williams, P. J.,* who dissents. sents.