## THE STATE ex rel. MONETT SPECIAL ROAD DISTRICT, Appellant, v. BARRY COUNTY and A. J. CLEVENGER et al., Judges of Barry County Court.

### In Banc January 22, 1924.

1. **ROAD TAXES: Duty of County: General Consideration of Legislative Intention.** The right of the county to road taxes, whether general or special, collected from property in a special road district, cannot be determined upon a general consideration of a legislative duty imposed upon county courts to maintain roads and bridges, but must be determined by the plain provisions of the relevant statutes.

2. ———: **Belong to Special Road District.** A special road district organized under Article VII of Chapter 98 of the Revised Statutes of 1919 is entitled to all the general road taxes levied under Section 10682, and to all the special road and bridge taxes levied un-

der Section 10683, and collected from property lying within the special road district.

3. ———: ———: **Sections 10682 and 10818: As Affected by Act of 1917.** The Act of 1917, recasting Sections 10481 and 10482, Revised Statutes 1909, as amended in 1913, which as thus recast in 1917 are now Sections 10682 and 10683, Revised Statutes 1919, did not purport to amend or in any wise affect Section 10594 as amended in 1913, which is now Section 10818, Revised Statutes 1919, and said Section 10818, as amended and enacted in 1913, specifically says that county taxes levied for road purposes, or for road and bridge purposes, "by virtue of any existing law, or laws, or any subsequent law or laws that may be enacted," upon property in a special road district, shall be paid to such district. Said Section 10818 (first enacted in 1895, and appearing in Revised Statutes 1909 as Section 10594) was amended and re-enacted in 1913 to meet and circumvent the ruling in State ex rel. Road Dist. v. Everett, 245 Mo. 706; and as then amended has ever since remained unchanged as existing law, and controls the disposition of the general road taxes levied by authority of Section 10682 and the special road and bridge taxes levied by authority of Section 10683, upon property lying within a special road district, when such taxes are collected and paid into the county treasury.

4. ———: ———: **County Road and Bridge Fund: Section 10682 Does not Provide for Distribution.** Section 10682, Revised Statutes 1919, requiring the county court to levy a general road tax upon all real and personal property made taxable by law and declaring that such "levy shall be collected and paid into the county treasury as other revenue, and shall be placed to the credit of the county road and bridge fund," makes no provision for the distribution of the tax when collected; but Section 10818, voicing the legislative purpose with respect to special road districts organized under the article in which it is found, directs that all money collected "as county taxes for road purposes, or for road and bridges purposes, by virtue of any  .  .  .  law" upon property within the special road district, shall be set aside to the credit of said district, and that is a complete direction as to how such taxes are to be distributed when collected.

Appeal from Barry Circuit Court.—*Hon. Charles L. Henson,* Judge.

REVERSED (*with directions*).

*J. T. Burgess, T. D. Steele, J. E. Sater* and *A. E. Spencer* for appellant.

(1) The fund for which relator seeks an order of payment to it was levied, according to the allegations of the return, under and by virtue of the provisions of Section 10683, Revised Statutes 1919. The fund in controversy, $2834.75, is admitted to be the part or portion of the tax which arose from and was collected and paid upon property lying and being within the special road district, the relator. Section 10683 fixes the right of relator to this fund. (2) Under the allegations of the return, the fund paid to the relator, $4252.11, is admitted to be that part or portion of the tax of fifteen cents on the hundred dollars valuation, levied under and by virtue of the provisions of Section 10682, which arose and was collected and paid upon property lying and being within the special road district of relator. This was properly paid to the relator. Sec. 10682, R. S. 1919; State ex rel. Moberly Special Road Dist. v. Burton, 283 Mo. 41, 222 S. W. 844. Also because relator, as a special road district, was entitled thereto under Section 10818, which specifically provides that in counties where a special road district has been organized, and money collected as county taxes for road purposes, or road and bridge purposes, upon property within such district, the county court shall, as such taxes are collected, apportion and set aside to the credit of such special road district from which such taxes were collected, all such taxes so arising from and collected and paid upon any property lying and being within such special road district, and shall, upon written application of the commissioners of such special road district, draw warrants upon the county treasurer, payable to the commissioners of such special road district, or the treasury thereof, for all that part or portion of said taxes so collected upon property lying and being within such special road district. (3) It is admitted that relator is a special road district organized

under the provisions of Section 10800, and that the fund in question is the product of such a levy by the county court and the collection of such tax on property lying and being within such special road district. Article VII, Chap. 98, R. S. 1919, of which said Sections 10800 and 10818 form a part, is a special law, dealing specifically and only with the special road districts therein authorized. Sections 10682 and 10683 are a part of Article III of said Chapter 98, dealing generally with the maintenance of public roads, and the duties of sundry officers relating thereto. The two sections are general laws, affecting the levy of road and bridge taxes in all counties in the State, within the defined limits as to population, without regard to whether special road districts have been organized in the county. Section 10682 merely fixes the maximum and minimum rate of levy for road purposes, and required the county court of every county, having the specified population, to levy the same each year. This section, considered alone, makes no provision for the application of this fund after it reaches the county treasury. Section 10818 is complementary thereto, and provides that in cases like the present, where a special road district is organized in the county, all of such tax collected on property within the special road district shall be paid to such special road district. The two statutes are entirely consistent, and taken together form a complete plan for raising and disbursing the fund provided by Section 10682. (4) To deny the application of Section 10818 to this case, the court must hold that it was, by implication, repealed or limited by Section 10682. As the two sections are entirely consistent and harmonious, such holding would be contrary to the unbroken rule laid down by the courts of this State. State ex inf. v. Amick, 247 Mo. 271; Ruschenburg v. Railroad Co., 161 Mo. 70; Manker v. Faulhaber, 94 Mo. 430; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Stratton, 136 Mo. 423; State ex rel. v. Spencer, 164 Mo. 48; Huntsville v. Eatherton, 182 S. W. 767.

*Sizer & Gardner* for respondents.

(1)   Taxes collected under Section 10682, the mandatory statute, being a permanent general road fund of the county, should be distributed to the various road districts of the county, including special road districts, upon application therefor.   Carthage Special Road Dist. v. Ross, 270 Mo. 76; State ex rel. Road Dist. v. Burton, 283 Mo. 41; Little Prairie Special Road Dist. v. Pemiscot Co., 249 S. W. 599.   (2)   Taxes levied and collected under and in pursuance to Section 10683, declaratory of Section 22, Article X, of the Constitution, is a special road tax, to be expended by the county, and not by the road districts.   State ex rel. v. Everett, 245 Mo. 706; Carthage Special Road Dist. v. Ross, 270 Mo. 76; State ex rel. Road Dist. v. Burton, 283 Mo. 41.   (3)   The Constitution having placed in the county court the discretion to levy and expend such special tax, the Legislature is powerless to provide for its expenditure by any other agency.   State ex rel. v. Burton, 283 Mo. 41.   (4) The order of the county court made on November 11, 1922, was not and does not purport to be the exercise of a discretion in expending the funds in question, but simply undertakes to provide for an arbitrary appropriation and distribution of these funds which, if carried out, would have had the effect of placing the expenditure of the money in the discretion of the various road districts, and not the county court.   This, the county court was unauthorized to do.   State ex rel. v. Dyer, 183 Mo. App. 481; State ex rel. v. Board, 188 Mo. App. 269; State ex rel. Adamson v. Lafayette Co. Court, 41 Mo. 226; State ex rel. v. Adcock, 206 Mo. 556; School Dist. v. Richards, 205 Pac. 208; Rothrock v. Carr, 55 Ind. 334.

RAGLAND, J.—In 1921 the County Court of Barry County levied a tax of fifteen cents on the one hundred dollar valuation, under Section 10682, Revised Statutes 1919, for the "county road and bridge fund," and also

a tax of ten cents on the one hundred dollar valuation, under Section 10683, Revised Statutes 1919, for "the special road and bridge fund." The tax which was collected and paid upon property in relator's district under the first levy amounted to $4242.11; this sum was promptly paid to relator on demand. The portion of the tax which arose from property in relator's territory under the second levy amounted to $2834.74. This sum the county court refused to pay to relator although its commissioners duly applied therefor in writing. Thereupon relator instituted this proceeding in mandamus to compel such payment.

The respondents, the judges of the County Court of Barry County, in their return to the alternative writ, admitted the allegations of fact on which it was based, but averred that the county court was entitled to the proceeds of one of the levies, for expenditure under its direction for the proper upkeep of the roads and bridges of Barry County, because there was no other fund available for the use of the court in the discharge of the duties imposed upon it by law in that behalf. The return then continued as follows:

"These respondents allege that in the disbursement of the fund arising under Sections 10682 and 10683 they are in doubt as to which of said funds should be paid to said special road district and which retained to be expended by themselves, but they specifically aver that all of the funds arising under one of said sections, and they are advised that all of the funds arising under Section 10683, must be spent by these relators for the benefit of all the roads and highways of Barry County, and they. further allege that being in doubt as to which of said funds the relators may be entitled to and being in doubt as to whether the relators are entitled to the fund which has already been paid, to-wit, $4252.11, arising under Section 10682 and as to whether such payment was inadvertently and inadvisedly, or rightfully, paid by the county treasurer to said relator, pray that this court

construe said Sections 10682 and 10683 and if this court in the construction of said sections shall determine that the said sum of $4252.11 was inadvertently and inadvisedly paid to the said relator that this court permit these respondents to set off and that this court adjudge that such sum so paid as aforesaid up to the amount to which said relator is entitled under the levy provided for by Section 10683 be adjudged to be a payment thereof, of the fund collected under Section 10683, to-wit, to the sum of $2834.74, and if the court in its construction of said sections shall determine and adjudge that the fund heretofore paid said relator arising out of said tax collected under Section 10682 was rightfully paid to relator then that, in either of said events, the issuance of said peremptory writ as prayed for by the relator be denied.''

Relator demurred to the return. Its demurrer was overruled, and as it declined to further plead judgment was entered quashing the alternative writ and dismissing the cause. From such judgment relator appeals.

Appellant bases its claim to the fund in question on express provisions of Sections 10683 and 10818, Revised Statutes 1919. Respondents' position broadly stated is this: The Legislature has imposed directly upon the counties themselves, as distinguished from their road districts, whether special or other, certain duties with respect to the upkeep and maintenance of roads and bridges which require the expenditure of funds, and as the two levies, the one under Section 10682 and the other under Section 10683, are practically the only sources of revenue for road and bridge purposes which have been provided, it must have intended that the proceeds of the one or the other should be retained by the counties to be used and expended under the directions of their several county courts. It is obvious, however, that the power construction of the relevant sections of the statute cannot be determined upon considerations so general.

If they plainly provide that the proceeds of both levies, so far as it arises from property in special road districts, be paid to such districts, then it is for the Legislature to extricate the counties from the dilemma in which it has placed them, if it has done so.

Whether a special road district is entitled to all taxes collected and paid upon property within its bound-, aries for road and bridge purposes, whether levied under Section 10682 or under Section 10683, is to be determined by a consideration of the provisions of those sections in connection with Section 10818. Section 10682, pursuant to the authority conferred by Section 11 of Article 10 of the Constitution, requires county courts to levy upon all property made taxable by law a tax of not more than twenty cents nor less than ten cents on the one-hundred-dollar valuation for road and bridge purposes. It further provides that when the tax is collected it shall be paid into the county treasury as other revenue, and shall be placed to the credit of the "county road and bridge fund." It is entirely silent as to the methods or agencies to be employed in its disbursement. Section 10683 is as follows:

"In addition to the levy authorized by the preceding section, the county courts of the counties of this State, other than those under township organization, in their discretion may levy and collect a special tax not exceeding twenty-five cents on each one hundred dollars valuation, to be used for road and bridge purposes, but for no other purposes whatever, and the same shall be known and designated as 'the special road and bridge fund' of the county: *Provided, however,* that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any road district shall be paid into the county treasury and placed to the credit of the special road district, or other road district, from which it arose, and shall be paid out to the respective road districts upon warrants of the county court, in favor of the commissioners, treas-

urer or overseer of the district, as the case may be: *Provided further,* that the part of said special road and bridge tax arising from and paid upon property not situated in any road district, special or otherwise, shall be placed to the credit of the 'county road and bridge fund' and be used in the construction and maintenance of roads, and may, in the discretion of the county court, be used in improving or repairing any street in any incorporated city or village in the county, if said street shall form a part of a continuous highway of said county leading through such city or village; but no part of said fund shall be used to pay the damages incident to, or costs of, establishing any road: *Provided further,* that no warrant shall be drawn in favor of any road overseer until an account for work done or materials furnished shall have been presented and audited by the county court.''

On its face this section in express terms requires ''that all that part or portion of *said tax* which shall arise,'' etc., shall be paid into the county treasury and placed to the credit of the special road district. Can there by any question as to what tax is meant by ''said tax?'' ''A special tax not exceeding twenty-five cents on each one-hundred-dollar valuation, to be used for road and bridge purposes, but for no other purposes whatever'' is the subject-matter with which the preceding part of the section deals; no other tax of any kind or character is in any way referred to therein.

In State ex rel. Road Dist. v. Burton, 283 Mo. 41, Division Two of this court reached the conclusion that a special road district is entitled to that part of the ''county road and bridge fund'' levied under Section 10682, which is collected and paid upon property within its boundaries, by a method of construction which lifts bodily out of its context the first proviso in Section 10683 and appends it to Section 10682, whereby it is made to appear that the words, ''said tax'' contained in the proviso refer to the general tax levied for county road

and bridge purposes, and not the special tax. The justification for this unusual hermeneutical feat was, that the proviso would be valid if applied to the tax levied under Section 10682, but that it could not "legally apply to the special road and bridge taxes levied under Section 37 (now Section 10683)." But why cannot the proviso "legally apply" to the special road and bridge tax? The implication is that Section 22 of Article 10 of the Constitution vests the county courts with discretion not only as to the levying of the tax, but as to the agencies through which it is to be expended as well. It has been held, however, that this section of the Constitution confers upon the county court discretion only as to the levying of the special tax, and that it does not impose any restraints upon the power of the Legislature with respect to designating the agency through which the fund arising from such levy shall be disbursed. So much was set at rest in an exhaustive and well considered opinion by WALKER, J., of the same Division in State ex rel. Road Dist. v. Burton, 266 Mo. 711. With this constitutional specter out of the way there is no reason why the language of Section 10683, taken as a whole, cannot be accorded its plain and obvious meaning.

Sections 10682 and 10683 are parts of the general road law. Section 10818 is found in the article relating to special road districts. All three relate to the same subject-matter and must therefore be read together. The last-mentioned section provides that in all counties where special road districts are, or may be, organized, and "where money shall be collected as county taxes for road purposes, or for road and bridge purposes, by virtue of any existing law or laws, or subsequent law or laws, that may be enacted," the part of "all such taxes" which arise from and are collected and paid upon any property lying and being within a special road district shall be set aside and placed to the credit of such district. That the language, "county taxes for road purposes, or for

road and bridge purposes," was intended to include both the tax levied for the "county road and bridge fund" and that levied for "the special road and bridge fund," is clear when the history of the section and its settings are considered. It appeared originally as Section 17 of the Act of 1895, the first statute enacted in this State providing for the organization of special road districts. [Laws 1895, p. 253.] It then provided that county taxes collected and paid upon property within special road districts for road and bridge purposes should be paid to the commissioners of such districts upon their application therefor. The section was carried without change into the statutory revisions of 1899 and 1909. In the Revision of 1909 it appeared as Section 10594. In this same revision what now corresponds with Sections 10682 and 10683, Revised Statutes 1919, appeared as Sections 10481 and 10482 respectively. Said Section 10481 provided that a road tax not exceeding twenty cents on the one-hundred-dollar valuation should be levied each year by the county courts and that when collected it should be paid into the county treasury and placed to the credit of the road district from which it was collected. Section 10482 following the language of Section 22 of Article 10 of the Constitution, an amendment then lately adopted, authorized the county courts in their discretion to levy a special tax not exceeding twenty-five cents on the one hundred dollar valuation to be used for road and bridge purposes, but for no other purposes whatever. In 1912, while these three sections were in force in the form just indicated as Sections 10481, 10482 and 10594, Revised Statutes 1909, the case of State ex rel. Road Dist. v. Everett, 245 Mo. 706, was decided by this court. In that case a special road district sought to compel the county court of Clinton County, to turn over to it the special road and bridge tax levied and collected in certain years upon property within its boundaries, and Section 10594 was relied upon as entitling it to such funds. But it was held that Section 10594 did not control the distribution of the special road and bridge

302 Mo. Sup.—19.

taxes levied under the authority of the Constitutional Amendent of 1908, of which said Section 10482 was declaratory. One of the reasons advanced for this holding was, that "the General Assembly (in 1895 when Section 10594 was first enacted) could not have possessed any specific intent regarding taxes which the Constitution did not then permit to be levied." It was further held that the Legislature intended that the fund created by the special road and bridge tax should be under the control of the county courts, they could turn it over to the special road districts if they saw fit, but could not be compelled to do so. In 1913, at the first session of the Legislature held after the ruling in State v. Everett, Sections 10481, 10482 and 10594 were amended. [Laws 1913, pp. 667, 669, 675.] Section 10481 was amended by adding thereto a proviso to the effect that that part of the road tax therein provided for which should be levied upon property in a special road district should be paid to such district on warrants of the county court. Section 10482 was amended by adding to it a proviso of similar purport. Section 10594 was repealed and the section in its present form (Sec. 10818, R. S. 1919) was enacted in lieu of it. In recasting it the words "county taxes . . . appropriated or expended for road and bridge purposes," were expanded into "county taxes for road purposes, or for road and bridge purposes, by virtue of any existing law, or laws, or subsequent law or laws that may be enacted." These amendments and particularly the changes made in the phraseology of Section 10594 indicate beyond question that they were enacted to meet, and circumvent, the ruling in State v. Everett. Through them the Legislature with an emphasis not to be mistaken declared that every dollar of road and bridge taxes, whether general or special, levied upon property within a special road district, should be paid to such district upon its application therefor.

There was no further expression of the legislative mind with respect to these road-tax provisions until 1917. In that year the road law was recast in part. Sections

10481 and 10482 as amended by the Act of 1913 were repealed and what are now Sections 10682 and 10683 covering the same subject-matter were enacted. Section 10594 was in no way referred to in the repealing act. It was therefore not expressly repealed, and there is no ground for holding that it was repealed by implication. As already stated it was carried into the present revision as Section 10818. The three sections (10682, 10683 and 10818) as they now stand do not indicate any change of the legislative purpose with respect to the distribution of road and bridge taxes collected upon property within *special road districts.* Section 10683 provides that all that part of the special road and bridge tax which shall be collected and paid upon property lying within *any road district* shall when paid into the county treasury be placed to the credit of the district from which it arose. Section 10682 which directs the levy of a road and bridge tax in connection with the general levy for county purposes makes no provision for its distribution. But Section 10818, voicing the legislative purpose with respect to special road districts, provides that all money collected ''as county taxes for road purposes, or for road and bridge purposes, by virtue of *any . . . law,*'' upon property within a special road district, shall be set aside to the credit of such special road district. The conclusion that a special road district is entitled upon timely application therefor to receive all moneys collected as taxes for road and bridge purposes upon property within its boundaries is unavoidable.

The judgment appealed from is reversed. The cause is remanded and the circuit court is directed to enter judgment awarding relator a peremptory writ of mandamus. All concur.

Headnotes 1 to 4:  **Highways,** 29 C. J. sec. 500 (1926 Anno).