THE STATE at Relation and to Use of JOE COVINGTON, Collector of Revenue for Montgomery County, Appellant, v. WABASH RAILWAY COMPANY.—3 S. W. (2d) 378.

Division One, March 3, 1928.

*Glover E. Dowell* and *Emil P. Rosenberger* for appellants.

*Homer Hall, A. H. Drunert* and *W. C. Hughes* for respondent.

ELLISON, C.—This is a suit to recover $801.98 delinquent taxes alleged to be due Montgomery County from the respondent. The case was submitted on an agreed statement of facts. Only two questions are involved: (a) the proper construction of two certain statutes; (b) the constitutionality of one of these statutes, if applicable.

The facts, very briefly, are that at the May term, 1923, the County Court of Montgomery County made a levy of fifteen cents on the $100 valuation for *county purposes* and another levy of fifteen cents on the $100 for *road purposes*, the latter being under Section 10682, Revised Statutes 1919, as amended by Laws 1921 (Ex. Sess.) p. 172. That fact should be remembered. The petition pleads and the agreed statement of facts is that the road tax was levied under the amended Section 10682. It is provided by Section 12865, Revised Statutes 1919, as reenacted by Laws 1921 (Regular Session) p. 678, that no county court in any year shall have power to order a rate of tax levy that will produce, mathematically, more than ten per cent in excess of the taxes levied for the previous year (except by vote of the people). The two tax levies in question here, taken together, did yield a mathematical excess above the allowed ten per cent maximum increase, in an amount such that the excess prorated to the respondent's 1923 tax was $801.98, the sum here in dispute.

The defendant-respondent invokes this provision of Section 12865 as precluding a recovery by plaintiff-appellant. The appellant says (1) a levy for road purposes under Section 10682 is not such a tax as comes within the meaning of Section 12865, and hence the ten-per-cent restriction in the latter section does not apply; (2) but that if, on a construction of the two statutes, we hold the ten-per-cent restriction does apply, the restriction is nevertheless not binding because in conflict with Sections 1 and 36 of Article VI, and Sections 1, 10, 11 and 22 of Article X, of the State Constitution. The circuit court ruled against the appellant on both points. We shall take up the two questions in the above order.

First, to what kinds of taxes does the ten-per-cent restriction in Section 12865 apply? The first twelve lines of the section (except for unimportant changes in punctuation and wording) are, as they have stood for nearly fifty years since its original enactment as a part of Laws 1879, p. 193, shortly following the adoption of the present Constitution in 1875. These opening lines put in statutory form the provisions (almost the exact language) of that part of Section 11, Article X, of the Constitution imposing a limit on the rates of taxation "for county purposes." The proviso added by the reenactment in 1921 is as follows:

"The foregoing are maximum rates which may be levied in said counties. Provided, however, the county court shall not have power to order a rate of tax levy on real or personal property for the year 1921, . . . and in no subsequent year may any county court, or any officer or officers acting therefor, order a rate of tax levy that will produce, mathematically, more than ten per cent in excess of the taxes levied for the previous year. . . ."

On a surface reading, the natural interpretation of the proviso is that it refers to tax levies "for county purposes" in the comprehensive sense in which those words are used in the preceding lines of the section and in the Constitution; but in State ex rel. Philpott v. St. L. & S. F. Ry. Co., 296 Mo. 518, 525, 247 S. W. 182, this court, en banc, gave it as somewhat narrower application. It will be observed the proviso says the *county court* shall not have *power* to order a rate of levy, etc. Attaching significance to these words, evidently, the Philpott case in effect held the ten-per-cent restriction referred only to taxes which a county court would have power to levy in the absence of the restriction, in other words, taxes which the court may levy of its own initiative. The specific ruling was that the proviso did not reach a special tax levy which may be authorized only through the circuit court or circuit judge under Section 12860, Revised Statutes 1919, but it was conceded the limitation would apply to a general levy for county purposes, to pay "current county expenditures" under Section 12859, Revised Statutes 1919; and we think the reasoning of the decision leads to the broader conclusion above stated.

Now a levy for road purposes under Section 10682, Revised Statutes 1919, as amended by Laws 1921 (Ex. Sess.) p. 172, is one which a county court may make on its own initiative without invoking outside aid, consent or authority, and, furthermore, "the payment of all necessary expenses for the building of bridges and repairing of roads," etc., is one of the objects and purposes for which a county court may exercise its general power to raise revenue by taxation, within the limits set by Section 11, Article X, of the Constitution (Sec. 12866, R. S. 1919.) We are, therefore, of the opinion that the levy for *road purposes* under amended Section 10682 in the instant case was a levy for *county purposes* within the meaning of the reenacted Section 12865, and that as a matter of construction the ten-per-cent restriction applies.

This brings us to the constitutional questions. The first to be considered is this—to what particular constitutional provision is amended Section 10682 referable? Let us first set out the statute:

"The county courts in the several counties of this State, having a population of less than two hundred and fifty thousand inhabitants, at the May term thereof in each year, shall levy upon all real and personal property made taxable by law a tax of not more than twenty cents on the one hundred dollars valuation as a road tax, which levy shall be collected and paid into the county treasury as other revenue, and shall be placed to the credit of the 'county road and bridge fund.'"

The prototype of this section was enacted by Laws 1899, p. 340 (Sec. 9436, R. S. 1899), by which it was provided that county courts

may levy a road tax of not less than five cents or more than twenty cents on the $100 valuation, to be deducted from the levy made for county purposes. The statute has come on down as Section 19, page 743, Laws 1909; Section 10481, Revised Statutes 1909; Laws 1913, page 667; Section 36, page 457, Laws 1917; Section 10682, Revised Statutes 1919; and Laws 1921 (Ex. Sess.) p. 172. The law of 1909 dropped the five cent minimum imposed by the law of 1899, and also omitted the specific provision that the road tax be deducted from the levy made for county purposes. The 1913 law put back a minimum of ten cents, which was carried in the statute until stricken out by the amendment in 1921. Now there is no minimum requirement, but the section during all this twenty-years, nearly, has been regarded as a mandatory statute requiring the levy of a road tax within the limit (or limits) specified from time to time.

Turning aside for a minute to another line of legislation. Section 22 of Article X of the Constitution was adopted in 1908. It provides that *in addition* to taxes authorized to be levied "for county purposes" under Section 11, Article X, thereof, county courts (in counties not under township organization, etc.) may "in their discretion levy and collect a *special tax* not exceeding 25 cents on the $100 valuation, to be used for road and bridge purposes only. This provision was forthwith (though unnecessarily) put into statute law closely following the language of the Constitution, by Section 20, page 743, Laws 1909, which has been carried forward into what are now the first seven lines of Section 10683, Revised Statutes 1919. The question to be answered is whether the road tax levy required by amended Section 10682, Revised Statutes 1919 (involved in this case) is referable to this new Section 22, Article X, of the Constitution, as Section 10683 plainly is, or whether the former section simply requires the levy of *some amount* of road tax under the law as it has always stood under Sections 1, 10 and 11 of the Constitution. The point is important because this court, en banc, held in State ex rel. v. Pemiscot Land & Cooperage Co., 317 Mo. 41, 295 S. W. 81, that Section 22, Article X, of the Constitution is self-enforcing and directly vests a discretion in the county court with respect to the special levy authorized thereby; and that reenacted Section 12865, Revised Statutes 1919, is unconstitutional insofar as it attempts to limit and control that discretion by the ten-per-cent restriction hereinbefore discussed.

We are clearly of the opinion that the tax levy required by Section 10682 is not a *special* or *additional* levy within the meaning of Section 22, Article X, of the Constitution. It has been several times held that a road tax levy under Section 10682 is governed by Section 11, Article X. [Carthage Special Road District v. Ross, 270 Mo. l. c. 80, 192 S. W. 976; State ex rel. v. A., T. & S. F. Ry. Co., 270 Mo. l. c.

267, 192 S. W. 990; State ex rel. v. Mo. Pac. Ry. Co., 276 Mo. l. c. 445, 208 S. W. 41; State ex rel. v. Burton, 283 Mo. l. c. 47, 222 S. W. 844; State ex rel. v. Barry Co., 302 Mo. l. c. 286, 258 S. W. 710.] There are intimations to the contrary in State ex rel. v. A., T. & S. F. Ry. Co., 310 Mo. l. c. 600, 275 S. W. 932, but that case was overruled by State ex rel. v. Pemiscot Land & Cooperage Co., 317 Mo. 41, 295 S. W. l. c. 81, supra.

Section 10682 refers to the same road tax that was dealt with by Section 9436, Revised Statutes 1899, before Section 22, Article X, of the Constitution was adopted. Section 10683 is the one that provides for road taxes under Section 22, Article X, of the Constitution. It authorizes a special or additional levy up to the full twenty-five cent maximum set by that section of the Constitution and preempts the whole of that field. The application of the two statutes, Section 10682 and Section 10683, is this: under the former a road tax of not exceeding twenty cents on the $100 valuation must be levied as a part of the general tax levy of the county within Section 11, Article X, of the Constitution; and if additional road revenues are necessary, the county court may, in its discretion, levy an additional road tax up to twenty-five cents on the $100 valuation under Section 10683 and Section 22, Article X, of the Constitution.

It being established that the road tax levied in this case under Section 10682 is referable not to Section 22, Article X, of the Constitution but to Sections 1, 10 and 11 of that article, the remaining question is whether the ten-per-cent restriction in Section 12865 is violative of these three sections. Appellant also refers to Sections 1 and 36 of Article VI of the Constitution. We do not see that they have any bearing whatever on the controversy and we think appellant's contention is clearly incorrect as to the three other sections first mentioned. So far as applicable here, Section 1, Article X, provides the taxing power may be exercised by the General Assembly for state purposes, and by counties under authority granted to them by the General Assembly, for county purposes. Section 10 of Article X provides the General Assembly shall not impose taxes upon counties, or upon the inhabitants or property thereof, for county purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes. Section 11 of Article X imposes limitations on the power of counties to tax themselves (when and after that right has been granted to them by the General Assembly). Appellant's theory is that since Section 11 of Article X authorizes taxes for county purposes in counties like Montgomery up to fifty cents on the $100 valuation, therefore the General Assembly can pass no law restricting the right to tax below that limit. This idea is fundamentally erroneous. As said in Glasgow v. Rowse, 43 Mo. 479, 489:

"The power to tax rests upon necessity, and is inherent in every sovereignty. The Legislature of every State possesses it, whether particularly specified in the Constitution as a grant of power to be exercised or not. In reference to taxation, the Constitution is not so much to be regarded a grant of power as a restriction or limitation of power."

It is clearly within the right and authority of the General Assembly to pass laws authorizing counties to exercise the taxing power subject to limitations more confining than those set by the Constitution itself, except in instances where the Constitution gives the taxing authorities an uncontrolled discretion, as was done by Section 22 of Article X.

The judgment is affirmed. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur, except *Gantt, J.,* not sitting.