P. A. TATE, Appellant, v. DWIGHT H. BROWN, Secretary of State.—
73 S. W. (2d) 404.

Court en Banc, June 15, 1934.

*Gus O. Nations* for appellant.

486

*Roy McKittrick*, Attorney-General, and *John W. Hoffman, Jr.*, Assistant Attorney-General, for respondent.

*H. P. Lauf, Joseph T. Davis* and *Allen C. Orrick* for Missouri Brewers Association, *amicus curiae*.

FRANK, C. J.—Mandamus. The Fifty-seventh General Assembly enacted, and the Governor approved House Bill 23 (Laws 1933, p. 256, Mo. Stat. Ann., sec. 13139a et seq., p. 4166). Thereafter and within the time provided by statute, appellant tendered to the Secretary of State for filing a petition asking that House Bill 23 be referred to the people for their adoption or rejection at the election to be held on November 6, 1934, as provided by the initiative and referendum provisions of the Constitution and statutes of the State. The Secretary of State refused to accept or file the petition so tendered.

Thereafter, on July 26, 1933, appellant filed a petition in the Circuit Court of Cole County praying said court to issue its alternative

writ of mandamus commanding the Secretary of State to receive and file said referendum petition or show cause why he should not do so.

On July 29, 1933, during the May, 1933, term of said court, the court by order made and entered of record refused to issue an alternative writ and dismissed the petition. Thereafter, on August 2, 1933, during the May, 1933, term of said court, appellant filed a motion for new trial, and the cause was continued on said motion to the February, 1934, term of said court. Thereafter, on February 5, 1934, and during the February, 1934, term of said court, said motion for new trial was overruled. Thereafter, on February 15, 1934, and during the February, 1934, term of said court, on application of appellant, an appeal was granted to this court.

An appeal in this character of a case is provided for by Section 10705, Revised Statutes 1929. The pertinent part of that section reads as follows:

"If the Secretary of State shall refuse to accept and file any petitions for the initiative or for the referendum, any citizen may apply, within ten days after such refusal, to the circuit court for a writ of *mandamus* to compel him to do so. . . . All such suits shall be advanced on the court docket and heard and decided by the court as quickly as possible. Either party may appeal to the Supreme Court within ten days after a decision is rendered."

It is not necessary in this case to determine whether the statute providing that either party may appeal within ten days after a decision is rendered, is merely directory or mandatory. Under either view the appeal was not taken in time. A reference to the statement of facts will show that the appeal was not taken within ten days after the decision was rendered. Neither was it taken at the same term at which the decision was rendered. This being true, the appeal was not taken in time unless the motion for new trial carried the case over from the judgment term to the subsequent February, 1934, term at which the appeal was granted.

Upon an inspection of the petition for the writ, the court by order entered of record refused to issue an alternative writ and dismissed the petition. A refusal to issue an alternative writ is a holding that the petition did not state facts sufficient to authorize the issuance of the writ. Otherwise stated, it is a holding that the petition did not state facts sufficient to constitute a cause of action. A motion for new trial was not necessary to a review of such action on the part of the trial court. [State ex rel. v. Burton, 283 Mo. 41, 222 S. W. 844, and cases cited.] Where a motion for new trial is not necessary to a review of the alleged errors of the trial court, it is a useless piece of paper, it performs no function whatever, and for that reason the continuance of a cause on such a motion does not carry the case beyond the judgment term. [State ex rel. May De-

partment Stores Co. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44.] Such is the situation in this case.

For the reasons stated, the attempted appeal herein should be dismissed. It is so ordered. All concur.