ROLLA SPECIAL ROAD DISTRICT OF PHELPS COUNTY v. PHELPS COUNTY, Appellant.—116 S. W. (2d) 61.

Division Two, May 3, 1938.

*E. W. Allison* for appellant.

*Llyn Bradford* and *John P. Moberly* for respondent.

WESTHUES, C.—The respondent, Road District of Phelps County, sued the County of Phelps for money collected as taxes under an alleged levy of ten cents on one hundred dollars' valuation, made pursuant to Section 7890, Revised Statutes 1929 (10 Mo. Stat. Ann., p. 6765). The trial court entered a judgment for plaintiff and the defendant county appealed.

The evidence disclosed that the Phelps County Court, at its May Term, 1934, entered an order whereby it made, among other tax levies, the following:

"There is levied for County purposes 50¢ on the $100 valuation, being amount necessary for General Revenue Purposes, including 10¢ on the $100 valuation for Road and Bridge purposes authorized under Section 7890, Revised Statutes of 1929. . . .

"And it is further ordered that there be levied and collected upon all Real Estate and Personal Property assessed in the County of Phelps for the taxes of 1934, a Special Tax of 10¢ on the $100 valuation in accordance with the provisions of Section 7891 of the Revised Statutes of 1929, Missouri. The fund arising from said tax to be known and designated as THE SPECIAL ROAD AND BRIDGE FUNDS of Phelps County."

Taxes were collected in accordance with the above levy. At the February, 1935, term of the county court the following order was made:

"Now at this day the Court takes up the matter of the Special Road and Bridge Fund which has been collected beginning with September Collections, at the rate of 20¢ per hundred dollars valuation and turned to Earl Jackson, Treasurer in the same manner. Now it appearing to the Court that said Road Fund should only be 10¢ on the $100 valuation it is hereby made an order that the Treasurer, Earl Jackson, be directed to transfer one-half of the said Special Road & Bridge Fund beginning with September collections and thereafter into the County Revenue Fund."

The officers of the respondent, Special Road District, made a demand upon the county court for all of the funds collected pursuant to the levies mentioned. This, the county court refused and the present suit was instituted. Respondent's petition was in two counts,

but since one-half of the amount collected was paid over to respondent, the second count of the petition was dismissed. This second count was based upon a levy made pursuant to Section 7891, Revised Statutes 1929 (10 Mo. Stat. Ann., p. 6766). Section 7890 reads as follows:

"The county courts in the several counties of this state, having a population of less than two hundred and fifty thousand inhabitants, at the May term thereof in each year, shall levy upon all real and personal property made taxable by law a tax of not more than twenty cents on the one hundred dollars valuation as a road tax, which levy shall be collected and paid into the county treasury as other revenue, and shall be placed to the credit of the 'county road and bridge fund.' [R. S. 1919, sec. 10682. Amended, Laws 1921, 1st Ex. Sess., p. 172.]"

The funds collected under a levy made by authority of the above section must be paid over to the special road districts in which the funds were collected. [State ex rel. v. Burton, 283 Mo. 41, 222 S. W. 844; State ex rel. v. Barry County, 302 Mo. 279, 258 S. W. 710.] Appellant does not dispute the correctness of this rule and we will not give it further consideration.

Appellant's defense was, that the county court, in fact, did not make any levy under Section 7890; that the order appearing upon the record of the county court was erroneous and not in conformity with the order made. Appellant, after this suit was filed, that is, on October 1, 1935, made what was termed an order *nunc pro tunc* in lieu of the one entered on record at the May Term, 1934. This order read as follows:

"There is levied for County general revenue purposes 50¢ on each $100 valuation of real and personal property, being the amount necessary for such general revenue purposes."

In the *nunc pro tunc* order all reference to Section 7890, supra, was omitted, and thus the order of the county court was amended by expunging from the record the levy made for road and bridge purposes under Section 7890. This order was alleged to have been based upon the following entry in a minute book of the county clerk's office.

| | |
|---|---|
| "( | .15 state |
| "( | .50 Co. Revenue |
| "Fixing County Levies | |
| "( | .10 Rd. Dist. |
| "( | .60 Rd. Bonds |
| "( | .10 Judgt. Bonds |
| "( | ———— |
| | "1.45" |

Was that a sufficient memorandum upon which to base a *nunc pro*

*tunc* order? We call attention to the fact that this was merely a memo for the clerk. Note the State levy reads: ".15 state." The record levy as entered upon the books read as follows:

"For State Revenue Tax 5/100 of 1% or 5¢ on the $100 valuation.

"For Soldier's Bonus Tax 6/100 of 1% or 6¢ on the $100 valuation.

"For Blind Pension Tax 3/100 of 1% or 3¢ on the $100 valuation.

"For State Interest Tax 1/100 of 1% or 1¢ on the $100 valuation.

"Making a total for State purposes of 15¢ on the $100 valuation."

So the record itself disclosed that the minute entry referred to was only a memo from which a more elaborate and detailed order was to be made. Section 7890 provides that the county court *shall* make a levy of not more than 20 cents for road and bridge purposes. Respondent interposed a number of objections to the admissibility of the *nunc pro tunc* entry as evidence in the case. The trial court sustained this objection. This ruling of the trial court must be sustained. The order was made by the county court, long after this suit was filed, without any notice to the respondent, who was at that time a party vitally interested. The county was the defendant, and without notice to the plaintiff changed its record in an attempt to destroy the foundation of plaintiff's cause of action. Such conduct is not countenanced by justice. The county court complied with the law when it made the order of May, 1934, and did not follow the law in the order of October, 1935. The county court had the subject matter under consideration at the February Term, 1935, when it made the order that only one-half of the road money should be paid to the respondent, thereby recognizing that it had made a levy of 20 cents for road purposes. The county court, at that time, did not see fit to make the *nunc pro tunc* entry. The detailed order of the county court of May, 1934, was not inconsistent with the entry in the minute book and since the order made at the May Term, 1934, complied with the law in every respect the action of the trial court rejecting the *nunc pro tunc* entry must be sustained. Since the minute book entry and the order made at the May Term, 1934, are not inconsistent, and the minute entry does not contain any matter not fully covered by the order made pursuant thereto, the *nunc pro tunc* entry changing the record, as was attempted to be done, was not supported by any matter of record. This was fatal to the *nunc pro tunc* entry. In Jewett v. United States, 100 Fed. 832, l. c. 835, 41 C. C. A. 88, 53 L. R. A. 568, the court said:

"The first matter brought to our consideration is the alleged invalidity of the remission of the indictment to the circuit court. This was made under Section 1037 of the Revised Statutes. The order of the district court which we have recited conforms to that section.

The plaintiff in error calls our attention to some discrepancies between this order and the docket entry in the district court appertaining to the same matter; but it is settled law that, while a docket entry may temporarily be accepted as the record, yet it is of no consequence, and cannot be read, after the record is properly extended.''

In the case of In re Tompkins' Estate, 50 S. W. (2d) 659, l. c. 660 (1-3), the St. Louis Court of Appeals had the following to say:

''The power to make a correction of a judgment *nunc pro tunc* is a power inherent in every court of record, and is wholly outside of any statute. [Loring v. Groomer, 110 Mo. 632, 19 S. W. 950.] But there is a presumption that a judgment entered of record is the judgment actually rendered by the court and cannot be set aside at a subsequent term on the ground of clerical mistake or misprision, *unless something in the record, or the judge's docket, or the clerk's minutes, or papers on file, shows such mistake and in what it consists.* [Belkin v. Rhodes, 76 Mo. 643; Wooldridge v. Quinn, 70 Mo. 370; Fletcher v. Coombs, 58 Mo. 430.]

''And 'a *nunc pro tunc* judgment, at a subsequent term, . . . can never correct a mistake or oversight of the judge, nor be used to correct judicial errors, *nor to render a judgment different from that actually rendered,* even though the judgment actually rendered was not the judgment the judge intended to render.' [Burnside v. Wand, 170 Mo. 531, 71 S. W. 337, 339, 62 L. R. A. 427.]'' (Italics ours.)

If the *nunc pro tunc* order in this case were permitted to take the place of the order of May, 1934, it would eliminate entirely the levy of 10 cents for road and bridges and would transfer the funds collected pursuant to such levy to the general revenue fund. It would also mean that the county court had ignored the mandate of Section 7890, supra, which section has always been considered mandatory. [See State ex rel. v. Wabash Ry. Co., 3 S. W. (2d) 378, l. c. 379 (2).] There is nothing in the entry of the minute book to indicate that the county did not intend to make any levy under this section. In 15 Corpus Juris, 980 we read:

''In construing a judicial record it must be read as a whole, and a construction which gives some effect to the record is preferred to one which makes it inoperative.''

If one were to examine the entry in the minute book and compare it with the record entry, no discrepancy would be disclosed. This court in Doerschuk v. Locke, 330 Mo. 819, 51 S. W. (2d) 62, l. c. 64 (5), approved the following, taken from Ross v. Kansas City, Ft. S. & M. Railroad Co., 141 Mo. 390, l. c. 395, 38 S. W. 926:

''The question of the power and authority of a circuit court to correct its record by *nunc pro tunc* entries has been many times before this court, and the rule announced seems to be that, in order to justify it in so doing, the record must in some way show, either

from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries. No such entries can be made from the memory of the judge, nor on parol proof derived from other sources. [State v. Jeffors, 64 Mo. 376; Bank v. Allen, 68 Mo. 476; Belkin v. Rhodes, 76 Mo. 650; Saxton v. Smith, 50 Mo. 490; Fletcher v. Coombs, 58 Mo. 434; Wooldridge v. Quinn, 70 Mo. 370; Blize v. Castlio, 8 Mo. App. 294; Evans v. Fisher, 26 Mo. App. 546.]''

Absent the *nunc pro tunc* entry the defendant did not offer any defense. The judgment of the trial court should, therefore, be sustained.

 The trial court directed a verdict for plaintiff in the sum of $1,683.50. Appellant asserts that the trial court should have permitted the jury to calculate the amount. In this case, if the respondent was entitled to recover it was entitled to a judgment for the full amount collected under the levy in dispute. No contention was made that $1683.50 was not the right amount. This court en banc, in the case of Home Trust Co. v. Josephson, 95 S. W. (2d) 1148, 339 Mo. 170, 105 A. L. R. 1063, note 1077, approved the action of the trial court, which had calculated the amount due on a note and interest, and directed a verdict for the full amount. The court there held that in cases where the amount due is not an issue, a trial court may direct a verdict for plaintiff for the full amount. In the case under consideration if defendant was liable at all it was liable for the full amount collected by the county under the levy in dispute. This case, therefore, comes squarely within the ruling of the Home Trust Company case. We are fully satisfied with the reasoning in that case and need not give this question further consideration.

 Appellant also asserts that the trial court erred in admitting in evidence the depositions taken by respondent. The only point briefed as to why the court erred is that the depositions were not certified to by an officer authorized to take such depositions. Respondent's additional abstract of the record, filed in this court, shows that a Justice of the Peace duly certified to the taking of the depositions. Appellant asserted that the original bill of exceptions, as agreed to by the attorneys, did not show that the justice of the peace had so certified to the depositions. Respondent, however, filed a motion alleging that appellant had, through inadvertence or oversight, omitted the certificate of the justice of the peace, and asked the court to amend the bill of exceptions. The trial court made an order amending the bill of exceptions so as to show the certificate of the justice of the peace. This court has before it the bill of exceptions as amended. We find nothing improper in the action of the trial court ordering the bill of exceptions to be amended. The point is there-

fore ruled against appellant. The judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.