THE STATE ex rel. LOUIS JOHNSON, Collector of Revenue of Clark County, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

In Banc, October 7, 1925.

1. **APPELLATE JURISDICTION: Revenue Laws.** A suit for taxes by a county collector for an amount in excess of what the taxpayer

State ex rel. Johnson v. A. T. & Santa Fe Ry. Co.

claims is due under the law, involves the revenue laws of this State, and the Supreme Court has appellate jurisdiction, although the amount actually involved is $841 or less.

2. ·TAXATION: Limitation Within Maximum Constitutional Limits: Ten Per Cent Excess over Previous Year: Further Limit by Statute. Section 11 of Article X of the Constitution is a limitation on the power of a county court in levying taxes for county purposes, but does not prohibit the Legislature from further limiting the tax levy. If the maximum constitutional limit for county purposes is fifty cents upon the one hundred dollars of valuation, the Legislature is not precluded from limiting it to forty cents. The Act of 1921 (Laws 1921, p. 678) declaring that "the county court shall not have power to order a rate of tax levy for the year 1921 which shall produce more than ten per cent in excess of the amount produced, mathematically, by the rate of levy ordered in 1920," etc., did not undertake to confer upon the county court power to increase the levy for county purposes above the constitutional maximum rate, but only means that the levy for any one year shall not exceed an increase of ten per cent over the levy of the preceding year, and that in no case shall the levy exceed the maximum constitutional rate.

3. ———: ———: ———: Special Road-and-Bridge Tax. There is no conflict between Sections 11 and 22 of Article X of the Constitution. The special road-and-bridge tax authorized by Section 22 is a levy for county purposes, and the two sections read together mean that the maximum tax for county purposes (in most counties) cannot exceed seventy-five cents on the hundred-dollar valuation, and the Act of 1921 means that the rate for no year can exceed a ten per cent increase over the aggregate levy under both sections made the preceding year, and in no event can the levy exceed the aggregate of the maximum rates authorized by both sections.

4. ———: Ten Per Cent Increase: Includes Special Road-and-Bridge Tax: Discretion. The Act of 1921 (Laws 1921, p. 677) prohibiting the county court from levying a tax more than ten per cent greater than the levy for the preceding year prevents an increase in excess of ten per cent of the special road-and-bridge tax levied under Section 22 of Article X of the Constitution. The act is only regulatory of the manner in· which the discretion of the county court may be exercised, and does not contravene said Section 22. The increase is not limited to ten per cent of the levy authorized by Section 11, but applies to all taxes for county purposes.

Held, by RAGLAND, J., dissenting, with whom WALKER and ATWOOD, JJ., concur, that Section 22 of Article X of the Constitution, declaring that, "in addition" to taxes authorized to be

levied for county purposes by Section 11, the county court may, "in its discretion," levy and collect a special tax not exceeding twenty-five cents on each one hundred dollars' valuation, "to be used for road-and-bridge purposes, but for no other purpose whatever," is self-executing, and it is not within the competency of the Legislature either to add to or take from the power it directly confers upon the county court, and therefore the Act of 1921 cannot be held to prohibit the county court from increasing by more than ten per cent the special road-and-bridge tax levy made under said Section 22 the preceding year.

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 55, p. 708, n. 36. Counties, 15 C. J., Section 347, p. 632, n. 35; Section 348, p. 634, n. 67; Section 349, p. 636, n. 87, 91, 92. Courts, 15 C. J., Section 511, p. 1079, n. 51. Highways, 29 C. J., Section 491, p. 725, n. 42. Taxation, 37 Cyc. p. 764, n. 84.

Appeal from Clark Circuit Court.—*Hon. N. M. Pettingill*, Judge.

REVERSED AND REMANDED.

*Cyrus Crane, Geo. J. Mersereau, John H. Lathrop, Richard S. Righter* and *T. L. Montgomery* for appellant.

(1) The taxes sued for are illegal, void and un-collectible to the extent of $841.81.   (a)   The Missouri law prohibiting the levy of county taxes for 1921 in an amount more than ten per cent greater than the amount of county taxes for 1920, includes all county taxes except those specifically excluded. Laws 1921, pp. 677, 678, re-enacting Sec. 12865, R. S. 1919; Secs. 10683, 12866, R. S. 1919; Secs. 11, 22, Art. 10, Mo. Constitution; Laws 1921, pp. 666, 517, 518, 520-522; State ex rel. Sedalia v. Weinrich, 236 S. W. 873.   (b)   Under the Missouri decisions, the words "for county purposes," as used in Section 12865 as amended, Laws 1921, should be broadly construed. Board of Commrs. v. Peter, 253 Mo. 520; State ex rel. Conrad v. Piper, 214 Mo. 439; State ex rel. Clark Co. v. Hackmann, 280 Mo. 686; State ex rel. Burgess v. Railroad, 145 Mo. 596; State ex rel. Hirni v. Rail-

road, 123 Mo. 72. (c) Statutes similar to the statute here in question (Sec. 12865, Laws 1921, p. 678) have been given in other states the construction for which appellant contends. Arizona Railroad Co. v. Graham Co., 170 Pac. 792; Northern Pac. Railroad v. Tucker, 184 N. W. 782; Cottle v. Union Pac. Railroad, 201 Fed. 39. (d) Cases from other states have construed "for county purposes" broadly in similar circumstances. People v. Chicago Ry. Co., 110 N. E. 720; People ex rel. Weber v. Railroad, 94 N. E. 128; People ex rel. Murray v. Railroad, 295 Ill. 214. (2) Relator cannot recover any penalty, costs or attorneys' fees in this action. Walker v. St. Louis, 15 Mo. 563; People ex rel. Stuckart v. Ry. Co., 110 N. E. 720; People ex rel. Stuckart v. Lamb, 277 Ill. 584; State v. Hoffman, 201 S. W. 653; Northern Pac. Ry. Co. v. Franklin County, 203 Pac. 27; State ex rel. Superior Court v. Stephens Co., 161 Pac. 77. (a) Relator cannot recover any costs in this action. Sec. 1711, R. S. 1919. (b) Relator cannot recover any attorneys' fees in this action.

*James H. Talbott, Marion L. Clay* and *John M. Dawson* for respondent.

(1) The taxes sued on and the levies of the county court are presumed to be correct and the burden is on the defendant to show to the contrary. Sec. 12865, R. S. 1919. (2) The State Constitution is a limitation upon the taxing powers. But the Constitution has always made a distinction in regard to the road-and-bridge fund. Sec. 22, Art. 10, State Constitution; Secs. 11, 23, Art. 10, Laws 1921. The road-and-bridge fund, or taxation for the road-and-bridge fund are a separate and distinct levy and are not to be construed with the other county levies nor included therein. Road District v. Ross, 270 Mo. 76; State ex rel. v. Everet, 245 Mo. 706. (3) Section 22 of Article 10, of the Constitution provides that the road-and-bridge tax is a special tax, and is in ad-

dition to taxes authorized to be levied for county purposes, under and by virtue of Section 11, of said article. Therefore the provisions of Sec. 12865, R. S. 1919, as amended by Laws 1921, p. 678, does not include the road-and-bridge fund, and cannot be taken into consideration in the computation authorized under that section.   State ex rel. v. Ross, 270 Mo. 76; Harris v. Compton Bond Co., 244 Mo. 664.   The organic law of the State makes a distinction as to the special road-and-bridge fund and the other county tax for county purposes.   State ex rel. Road Dist. v. Burton, 283 Mo. 41.   The Legislature when it enacted Section 12865 in 1921 (Laws 1921, p. 678) did not intend to include this special road and bridge tax.   This special road and bridge tax is not to be considered like the other county taxes.   State ex rel. v. Burton, 283 Mo. 41, 266 Mo. 711; Laws 1921, Ex. Sess. p. 172.

GRAVES, C. J.—Action by the Collector of Clark County to recover from the defendant the sum of $11,-165.46, claimed to be due for taxes for the year 1921. Defendant refused to pay on the ground that under the law of 1921 (Laws 1921, p. 677), the levy for 1921 for county purposes in Clark County exceeded the levy for like purposes in 1920 by more than ten per cent.   On December 31, 1921, before such taxes became due, there was a tender of $10,144.03, which the defendant claimed was all that it legally owed.   In January there was a second tender of $10,245.48, which included the amount of the first tender ($10,144.03) plus $105.45, being a penalty of one per cent for the month of January, 1922. There was a third tender, the purpose of which is stated in appellant's statement of the case thus:   "Appellant then discovered that the amount tendered did not equal the full amount of taxes legally due the county from appellant for the year 1921, after deducting appellant's proportion of the excess over the ten per cent increase for the previous year, and, on February 10, 1922, appellant made a tender of $10,245.48, and an additional

tender of $179.62, being the difference between the amount already tendered and the amount which appellant owed after deducting the excess over and above the ten per cent increase of the amount of taxes for the preceding year, plus two per cent penalty. The said Louis Johnson, relator herein, refused to accept each of the several tenders and claimed and demanded the said sum of $11,165.46. The last of these three tenders was made after this action had been commenced.''

The real contention here involves only the sum of $841.81 or even less, but as the case involves the construction of the revenue laws of the State, this court has jurisdiction.

Appellant contends that excluding a judgment levy, the total county levy for 1920, was only $83,789.82, and that the total levy for county purposes in 1921 was $110,713.26, and that the latter exceeds ten per cent of the former by $18,544.47.

The petition says: ''That there was legally assessed and levied against such property for the year ending June 1st A. D. 1920, for state, county, school and other municipal purposes, the aggregate sum of $11,165.46; that of the taxes so assessed and levied, there is now due and unpaid for state purposes, the sum of $1,197.46; for county purposes, the sum of $5,322.57, of which said county tax $2,394.92 is denominated the county fund tax; the sum of $1,131.46 of said county tax is denominated road fund tax; the sum of $1,436.95, of said county tax is denominated special road-and-bridge fund tax; the sum of $359.24 of said county tax is denominated special-levy-judgment-fund tax; for school purposes in said county, the sum of $4,550.35; for city, town and other municipal purposes the sum of $95.08, amounting in the aggregate to the sum of $11,165.46, which sum the defendant has failed to pay as required by law.

''The plaintiff is entitled to recover from defendant, a penalty of two per cent per calendar month on the amount so due and unpaid, from the 1st day of January

A. D. 1922 until the same shall be paid; together with the collector's commission of two per cent on the whole amount.''

The answer pleads the following provision in the Act of 1921 (Laws 1921, p. 678), which reads:

''Provided, however, the county court shall not have power to order a rate of tax levy on real or personal property for the year 1921 which shall produce more than ten per cent in excess of the amount produced, mathematically, by the rate of levy ordered in 1920, and in no subsequent year may any county court, or any officer or officers acting therefor, order a rate of tax levy that will produce, mathematically, more than ten per cent in excess of the taxes levied for the previous years.''

Relator, the county collector, challenges this provision of the law as being violative of the State Constitution, giving the provisions of the Constitution alleged to have been violated in the enactment of such provision.

The court rendered judgment as follows:

''Now at this day this cause coming on for hearing both plaintiff and the defendant appearing by counsel; upon the pleadings, evidence and counsel before the court both parties waiving jury and the court being duly advised in the premises the court finds that the allegations contained in the plaintiff's petition are true, that all the funds sued on therein are due the plaintiff from the defendant, except as to the sum of $161.65, which the court finds has been excessively taxed against the defendant on the Clark County revenue fund.

''Wherefore it is ordered, considered and adjudged by the court that the plaintiff have judgment for the sum of $11,165.46, less $161.65 and that plaintiff's judgment is therefore for the sum of $11,003.81; together with interest thereon from January 1, 1922, in the sum of $660.23, and that plaintiff have judgment in the sum of $223.28 collector's commission on said taxes sued on in plaintiff's petition, and that plaintiff have judgment

310 Mo. Sup.—38.

in the sum of $200 attorney's fees for plaintiff's attorney in managing and conducting his suit, taxed as costs, and that plaintiff have judgment *in toto* including the taxes sued on, interest thereon and plaintiff's commission thereon and plaintiff's attorney fee therein, aggregating the sum of $12,097.32; that same be a lien against defendant in favor of the State of Missouri and costs; and that plaintiff have special execution therefor."

Further specific admission and pleas in the answer can be noted, if necessary, in the opinion. The judgment of the trial court cut down the claim of $841.81 by over $165, as will be seen.

I. The first question is as to the validity of the Act of 1921 (Laws 1921, p. 677) in so far as it undertakes to limit the taxes of 1921 to ten per cent more than those levied for the year 1920. The lawmakers in 1921 passed a series of laws having similar restrictions. The law we are dealing with applies to counties. We, however, have dealt directly with a law applying to one class of cities, which law contains the same proviso, as to the limitation of city taxes. [State ex rel. City of Sedalia v. Weinrich, 236 S. W. 872.] Section 11 of Article X of the Constitution is a limitation on the power of a county court in levying taxes for county purposes, but this does not exclude the Legislature from further limiting the tax levy. To be more explicit, if the constitutional provisions limit the tax to fifty cents upon the $100, such limitation does not preclude the lawmakers from limiting it to forty cents on the $100. The constitutional purpose was to fix a limit beyond which the lawmakers could not go, and not that the lawmakers could not further limit the levy, or increase a former levy, so long as the increase was within the constitutional limit. The Constitution, at this point, is not dealing with limitations upon assessments, but is only dealing with the limits of taxation, upon the property, whatever the assessed value

*Levy Less Than Maximum Rate.*

may be, upon which the tax is to be levied. This is the force of the opinion in the Sedalia case, supra, as is evident from its reference to Calland v. Springfield, 264 Mo. 296. The proviso of the Act of 1921 (Laws 1921, p. 678) is a legislative limitation. It does not undertake to confer a power to increase the tax levy, because the limitation of the tax levy is found in Section 11 of Article X of the Constitution. This proviso means that the former tax levy may be increased, but not to exceed an increase of ten per cent in any one year over the preceding year, but all such increases must be within the constitutional limitation. So construed, the proviso is not unconstitutional.

II.    I do not understand that respondent urges that with the construction which we have given Section 11 of Article X and the proviso of the Act of 1921, supra, would render the act and the proviso therein unconstitutional. Their contention is (as we gather it) that if the special road-and-bridge tax, provided for by Section 22 of Article X, of the Constitution, is to be considered as a part and parcel of the taxes for county purposes, and the proviso of the Act of 1921 is to be so construed as to include this special road-and-bridge tax as a part of the county tax, then with such construction it would violate Section 22 of Article X of the Constitution.

Special Road-and-Bridge Tax.

This question is one of easy solution. Section 22 of Article X reads: ''In addition to taxes authorized to be levied for county purposes under and by virtue of Section 11, Article 10 of the Constitution of this State, the county court in the several counties of this State not under township organization, and the township board of directors in the several counties under township organization, may, in their discretion, levy and collect, in the same manner as state and county taxes are collected, a special tax not exceeding twenty-five cents on each $100 valuation, to be used for road and bridge purposes, but for no other purpose whatever; and the power here-

by given said county courts and township boards is declared to be a discretionary power.''

This section is a grant of power, and not a limitation of power, except as to the amount. The two sections (11 and 22) must be construed together and both permitted to stand, if they can be reconciled. Upon its very face, Section 22 of Article X is a provision for an additional tax, not contemplated in Section 11. When construed together, the two sections mean that, in addition to the allowable and limited tax specified in Section 11, the county, in the discretion of the county court, can levy an additional special road-and-bridge tax not to exceed twenty-five cents on the $100. To make it plain, if the county can levy fifty cents on the $100 under Section 11, it can in addition levy as much as twenty-five cents per $100 more for the special road-and-bridge fund of the county. In other words, construing the two sections together, the levy for all county purposes (and the special road-and-bridge fund is for a county purpose) may reach the total of seventy-five cents on the $100. So that, the proviso of the Act of 1921 would contemplate a ten per cent raise on all taxes for county purposes, including the special road-and-bridge tax. Those of us who recall the history of the Section 22 of Article X of the Constitution (adopted by a vote in 1908) know that it was the outgrowth of a growing sentiment for better roads, and was for the very purpose of increasing the tax limit for county purposes. That the improvement of the roads and bridges of a county is a county purpose, goes without argument.

With the foregoing constitutional provisions, we are in shape to apply the concrete facts of this case to the law. This application in the paragraphs to follow:

III. In calculating the amount of county revenue, both for the year 1920 and the year 1921, the appellant includes the special road-and-bridge tax. To this the plaintiff demurs. Plaintiff apparently contends that

this is a special tax by virtue of Section 22 of Article X, and does not fall within the proviso of the Act of 1921, and for that reason the amount of the special road-and-bridge tax should not be included in the totals for either year. Excluding a levy of ten cents on the $100 for the payment of a judgment, the levies of Clark County were as follows for the year 1921: General revenue, 20 cents; county road tax, 10 cents; special road, 12 cents. To get at the difference between the revenue in 1920 and 1921, in order to apply the act of 1921, we give the revenues for the two years, as follows:

| | 1920 | 1921 | Per cent of excess. |
|---|---|---|---|
| County, General Fund | $44,687.90 | $52,720.60 | 1.35 |
| County Road | 11,171.98 | 26,360.30 | 5.34 |
| Special Road | 27,729.94 | 31,632.36 | 0.34 |
| Total | 83,789.82 | 110,713.26 | 7.03 |

The per cent of excess given in the table, supra, is that after ten per cent has been added to the revenue of 1920, in accordance with the proviso of 1921.

In the trial court the excess of 1.35 per cent on county general fund was recognized, and hence the deduction of the $161.65 mentioned in the judgment. The trial court in a statement made shows why the other excesses were not recognized. That court said:

"Section 11 of Article X of our State Constitution making provision for the rate for local purposes fixes the maximum rate for Clark County for county purposes at fifty cents on the $100 valuation, with certain exceptions therein named. The fund referred to in this section is designated by the County Clerk of Clark County as 'the County Revenue Fund' and this section has been brought forward and incorporated practically *verbatim* in Section 12865 (Revised Statutes 1919), and the following Section 12866 provides for the subdivision and apportionment of this county revenue fund into five parts. This county revenue fund so to be apportioned and subdivided is the same identical fund referred to in

aforesaid Section 11 of Article X of the Constitution and Sections 12865 and 12866 of Revised Statutes of 1919, as well as the Amendment of Section 12863 approved April 1, 1921 (Laws 1921, p. 678), and the provision on page 678 of said Session Laws inhibiting the county court from ordering a tax levy which would produce more than ten per cent taxes than in the preceding year has a special reference to the county revenue fund, which as levied by the County Court of Clark County is twenty cents on the $100, and has no reference to any other fund. It is evident that the levy of ten cents made by the County Court of Clark County as a road fund and twelve cents for the special road-and-bridge fund were made under Section 22 of Article X of our State Constitution. [State ex rel. Vaught v. Ry. Co., 270 Mo. 251.] It follows that the rate levied in Clark County for the county revenue fund is excessive and the railroad property has been overtaxed $161.65.

"To the making of which statement defendant excepted at the time. Whereupon the court on the said 10th day of June, 1922, found for the plaintiff and rendered judgment for the plaintiff in the sum of eleven thousand, one hundred and sixty-five and 46.100 dollars, less one hundred and sixty-one and 65.100 dollars, and that plaintiff's judgment is therefore for the sum of eleven thousand, three and 81.100 dollars, together with interest thereon from January 1, 1922, in the sum of six hundred, sixty and 23.100 dollars, and that plaintiff have judgment in the sum of two hundred, twenty-three and 28.100 dollars collector's commission on said taxes sued on in plaintiff's petition, and that plaintiff have judgment in the sum of two hundred dollars attorney's fee for plaintiff's attorney in managing and conducting this suit, and costs."

The position of the trial court is thus made clear. His position was that both the road tax, and the special road-and-bridge tax levies, were by virtue of Section 22 of Article X, supra, and for that reason were not

within the terms of the proviso of the Act of 1921, supra, which prohibits the increase of county revenues more than ten per cent over those of the previous year. Had the court included these two items of revenue, the excess would have been just what the defendant claims, i. e. $841.81. As seen the court only allowed $161.65 and did this for the reasons stated in the memoranda filed. And, this is the alleged constitutional question urged by the relator. He says that, if the Act of 1921 is construed so as to include revenues produced by virtue of Section 22 of Article X, then, under such construction, the statute is void, as violative of said Section 22 of Article X of the Constitution.

We shall not stop to discuss at length whether the trial court was right or wrong in saying that both levies for road purposes were under Section 22 of Article X of the Constitution. There might be a question as to this matter, but we incline to the view of the trial court. Section 12866, Revised Statutes 1919, provides for the division of the general county revenue into five funds, the second of which is: "II. A sum sufficient for the payment of all necessary expenses for the building of bridges and repairing of roads, including the pay of road overseers of such county." So that there was ample authority to provide a road fund out of the general county revenue fund, and this too out of the limit of fifty cents on the $100. Clark County is within that class of counties authorized to levy as high as fifty cents upon the $100 for county purposes. Evidently this levy of ten cents for roads found its basis in Section 10682, Revised Statutes 1919, which makes it the duty of the county court to levy a tax of not less than ten cents, and not more than twenty cents. But it would seem that the peculiarly worded order of the county court at the May term, 1921, places both of the taxes under Section 22 of Article X of the Constitution, and the law giving effect to such provision of the Constitution. This order reads:

"Ordered by the court that taxes on property in Clark County, Mo., be levied at the following rates on the $100 valuation for the year 1921, (the state rate subject to a reduction by the Missouri General Assembly in special session). State Revenue, 10 cents; Capitol, 2 cents; Blind, 2 cents; Interest .006 cents, 14.6 cents; State, County, Salary & 6c; Pauper, 6 cents; Contingent, 5 cents; Jury, 2 cents; Bridge, 3c; 20 cents, County; *Special road and bridge, 12 cents; Road, 10 cents;* Special levy judgment, 3 cents, 25 cents. Total, 59.6 cents."

It will be observed that there is a three-cent bridge tax in the twenty cents for the county fund, thereby indicating that the other two were intended to come out of the special levy under the authority of Section 22 of Article X of the Constitution.

The real question then is, can such revenues, as to amount, be limited by the term of the proviso of the Act of 1921? We think so. The Constitution (Sec. 22, Art. X) does not say that any portion of the twenty-five cents of authorized tax *shall* be levied, but leaves that to the discretion of the county court. We think that it would be within the constitutional provision to pass a statute, in a way, regulating that discretion. In 1917 we passed a statute (Sec. 10682) which made it mandatory on the county court (using the words "shall levy") to levy not less than ten cents on the $100, which levied sums "shall be placed to the credit of the 'county road and bridge fund.'" This no doubt meant the special fund to be used exclusively for road and bridge purposes, as stated in Section 22, Article X, of the Constitution. So that the discretion of the county court had been made mandatory as to ten cents on the $100, and there was then a basis of ten cents on the hundred dollars from which to start a raise in the revenue for these purposes when the Act of 1921 was passed, with the proviso therein. Such proviso simply says to the county court that if you want to go over ten cents, and up to twenty-five cents (the constitutional limit for this special fund), you

must do so by ten per cent increase each year, in view of the fact that assessed values have been increased. At the very most this proviso is only regulatory as to the manner in which the discretion of the county court shall be exercised, and we do not believe that it contravenes Section 22 of Article X of the Constitution.

The Act of 1921, and the proviso therein, contains no exceptions as to county funds. The building of roads and bridges is a county purpose, and the mere fact that the money is placed in a special fund, which cannot be diverted to other county purposes, does change the fact that it is a county revenue, which revenue is covered by the proviso in the Act of 1921, supra. In fact, Section 22 of Article X of the Constitution was passed for the very purpose of allowing seventy-five cents on the $100 for the divers county purposes instead of fifty cents as under Section 11 of Article X. Nor is it otherwise because all above the fifty cents must go into a special fund for roads and bridges. It is nevertheless county revenue, and within the proviso of the Act of 1921.

From this it follows that the defendant was over-taxed in the sum of $841.81, as it claims. This necessitates a reversal of the judgment, and a remanding of the cause. Upon a rehearing the matter of tender and other charges can be more fully presented, in view of the rulings made herein.

Judgment reversed and cause remanded. *Blair, C. J.,* and *White* and *Woodson, JJ.,* concur; *Ragland, J.,* dissents in opinion filed, in which *Walker* and *Atwood, JJ.,* concur.

RAGLAND, J. (dissenting).—I find myself unable to concur in the majority opinion. Section 22 of Article X of the Constitution confers directly upon the county courts and township boards the power to levy in their discretion a special tax not exceeding twenty-five cents on each $100 valuation, to be used for road and bridge purposes. The Legislature in 1909, following the adop-

tion of this section as an amendment to the Constitution in 1908, passed an act, in almost the identical language of the amendment, purporting to authorize county courts and township boards to levy a special road-and-bridge fund tax. [Sec. 10482, R. S. 1909; now Sec. 10683, R. S. 1919.] This statute in so far as it purports to confer the discretionary power to levy the tax is wholly nugatory. The constitutional provision is clearly self-executing and it is not within the competency of the Legislature either to add to or take from the power it directly confers on the county officers and township boards named. The Legislature may no doubt, within the purposes limited by the Constitution, prescribe the manner in which the funds realized from the levy of such tax may be expended, but it cannot say that no such tax may be levied at all. And of course if it can limit the amount of such tax which may be levied for any one year below the constitutional maximum, it can prohibit its levy altogether. I am of the opinion that the trial court reached the proper solution of the question involved in this case. *Walker* and *Atwood, JJ.,* concur.