THE STATE at Relation and to Use of A. PARKER KERSEY, Collector of the Revenue in and for PEMISCOT COUNTY, Appellant, v. PEMISCOT LAND & COOPERAGE COMPANY. — 295 S. W. 78.

Court en Banc, May 23, 1927.

TAXATION: Ten Per Cent over Previous Year: Road and Bridge Tax. The Acts of 1921 and 1923 (Laws 1921, p. 678; Laws 1923, p. 374), providing that the county court may not "order a rate of tax levy that will produce, mathematically, more than ten per cent in excess of the taxes levied for the previous year," do not apply to the special road and bridge taxes of not to exceed twenty-five cents on the hundred dollars' valuation which the county court in its discretion, under Section 22 of Article 10 of the Constitution, may levy, "in addition to taxes authorized to be levied for county purposes" under Section 11. In counting the rate of taxes that may be levied in any one year in excess of the rate for the preceding year, the county court is not required to take into consideration the money produced by the levy of the special road and bridge taxes for the preceding year under said Section 22, but the levy is limited to 110 per cent of the money produced the previous year from all other levies for county purposes. [Overruling State ex rel. v. Railroad, 275 S. W. 932.]

Corpus Juris-Cyc. References: **Counties,** 15 C. J., Section 349, p. 636, n. 91. **Discretion,** 18 C. J., Section 2, p. 1134, n. 37. **Highways,** 29 C. J., Section 491, p. 725, n. 34, 42, 43; Section 500, p. 740, n. 15.

.Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

*S. V. Medling* and *Von Mayes* for appellant.

(1)   The Legislature in this State cannot impose taxes for county purposes.   Sec. 10, Art. 10, Mo. Constitution.   (2)   Section 11 of Article 10 of the Constitution only specifies the maximum rates for taxes, and is not a grant of power.   Galland v. Springfield, 264 Mo. 296; State v. Van Every, 75 Mo. 537.   (3)   Section 22 of Article 10 of the Constitution vests in the county court a discretion to levy a special tax, and the Legislature is without power to direct the county court to levy such tax.   Carthage Special Road District v. Ross, 270 Mo. 76.   (4)   The right of the Legislature to control the discretion of the county court as conferred by Section 22 of Article 10 of the Constitution is excluded by implication.   Martin v. Mott, 12 Wheat. (U. S.) 19, 6 L. Ed. 537; 12 C. J. p. 719, sec. 73; 6 R. C. L. p. 49, sec. 43; 36 Cyc. 1122; State v. Board of Curators, 268 Mo. 598; State v. Boyd, 196 Mo. 52.   (5)   The proviso of Section 12865, as amended by the Acts of 1921, is unconstitutional in so far as it might apply to the tax mentioned in Section 22 of Article 10 of the Constitution.   State v. Duncan, 265 Mo. 26.

*Ward & Reeves* for respondent.

(1)   Some contention is made in appellant's brief, apparently, to the effect that the special road and bridge tax should not be considered a county purpose tax.   But this question has been squarely and definitely settled against the contention of appellant by both divisions of this court and by Court en Banc.   (2)   Court en Banc has held that the ten per cent-increase law of 1921 is valid and constitutional, and that it applies to the entire tax.levy for county purposes, regardless of the divisions made in the items of levy by the county court.   State ex rel. v. Railroad, 275 S. W. 932.

GANTT, J.—This is a suit by the Collector of Pemiscot County to recover taxes on personal property belonging to defendant for county purposes for the year 1925.   Defendant filed a motion for judgment on the pleadings, which was sustained, and plaintiff appealed. The facts are set forth in the pleadings, as follows:

The assessed valuation of all taxable property in Pemiscot County was over ten million dollars and under thirty million dollars; and by reason thereof Section 11 of Article 10 of the Constitution of Missouri limits the rate of taxation for general county purposes to fifty

cents on the one hundred dollars' valuation, and Section 22 of Article 10 of the Constitution of Missouri limits the rate of taxation for the special tax for road and bridge purposes to twenty-five cents on the one hundred dollars valuation on the taxable property in said county for said year. The county, through its proper officers and in a lawful manner as to processes, levied taxes for the years 1922, 1923, 1924 and 1925 with rates on the one hundred dollars' valuation, as follows:

For 1922, County tax, 20 cents; Road district tax, 5 cents; Special road and bridge tax, 10 cents, which produced, mathematically, the sum of $85,144.65.

For 1923, County tax, 22 cents; Road district tax, 5 cents; Special road and bridge tax, 15 cents; Judgment tax, 3 cents, which produced, mathematically, the sum of $108,405.42.

For 1924, County tax, 23 cents; Special road and bridge tax, 25 cents; Judgment tax, 10 cents, which produced, mathematically, the sum of $133,167.97.

For 1925, County tax, 37 cents; Road district tax, 10 cents; Special road and bridge tax, 25 cents, which produced, mathematically, the sum of $164,090.73.

The above tax levies include all taxes levied in those years for all county purposes, including the judgment tax levied in the years 1923 and 1924. Of course, taxes were levied for state and school purposes.

Respondent, in its answer, pleads the following provision in the Act of 1921 (Laws 1921, p. 678; now Act of 1923, Laws 1923, p. 374):

"Provided, however, the county court shall not have the power to order a rate of tax levy on real or personal property for the year 1921 which shall produce more than ten per cent in excess of the amount produced, mathematically, by the rate of levy ordered in 1920, and in no subsequent year may any county court, or any officer or officers acting therefor, order a rate of tax levy that will produce, mathematically, more than ten per cent in excess of the taxes levied for the previous year."

Appellant, in the reply, pleads that the above provision of said act is in conflict with Section 22 of Article 10 of the Constitution of Missouri, and that said provision of said act is unconstitutional in so far as it may have been intended by the Legislature to relate to the special road-and-bridge tax authorized by Section 22 of Article 10 of the Constitution. Therefore, appellant contends the county court in complying with the above provision of said statute could lawfully exclude the taxes realized by the levy made under Section 22 of Article 10 of the Constitution.

In the case of State ex rel. v. Railroad, 275 S. W. 932, we held the above provision of said act is not in conflict with Section 22 of Article 10 of the Constitution, and that said provision of said act is

only "regulatory as to the manner in which the discretion of county courts (granted in Section 22 of Article 10 of the Constitution) shall be exercised."

Appellant concedes that under this ruling at least twelve per cent of the taxes levied for the year 1925 are illegal.

Respondent contends that 30.93 per cent of the taxes levied for the year 1925 are illegal, although it asks for a reduction of only 30 per cent. This contention is explained as follows:

The court had the right to levy ten per cent more taxes for county purposes for the year 1923 than for the year 1922, or 110 per cent of $85,144.65, which for the year 1923 would be $93,659.11; whereas, the court levied the sum of $108,405.45, amounting to an excess of $14,746.31 over the amount authorized by law to be levied. That the court had the right to levy ten per cent more taxes for county purposes for the year 1924 than for the year 1923, or 110 per cent of $93,659.11, which for the year 1924 would be $103,025.02; whereas, the court levied the sum of $133,177.97, amounting to an excess of $30,142.95 over the amount authorized by law to be levied. That the court had the right to levy ten per cent more taxes for county purposes for the year 1925 than for the year 1924, or 110 per cent of $103,025.02, which for the year 1925 would be $113,327.52; whereas, the court levied the sum of $164,090.73, amounting to an excess of $50,763.21 over the amount authorized by law to be levied.

Therefore, respondent contends the levy for county purposes was an illegal levy to the extent of 45.88 per cent, and the amount of the percentage to be deducted from the taxes for county purposes for 1925 is 30.93 per cent.

The assessed valuation of respondent's personal property was $5,750, and it was taxed on said assessment the sum of $41.41. Respondent paid all the taxes demanded of it by appellant except 30 per cent of $41.41, amounting to $12.41, which it refused to pay; and this, with the interest and penalties, if any, is the amount involved in this case.

Respondent voluntarily paid its taxes for 1923 and 1924, and appellant contends a reduction of 30 per cent on the amount realized from the levy for 1925 would permit respondent to indirectly recover taxes it had voluntarily paid.

Respondent answers that it is not seeking to recover taxes voluntarily paid, but is seeking to reduce the taxes realized from the levy for 1925 by a reduction of 30 per cent, because the levy for 1925 is the result of progressive increases of ten per cent, based upon the levy of 1922 and continuing through 1923 and 1924.

Appellant insists that we should reconsider our decision in the case of State ex rel. v. Railroad, supra.

In considering this constitutional question we are not dealing with the power of the Legislature to regulate the disbursement of the funds for road purposes realized from the tax levy authorized by Section 22 of Article 10 of the State Constitution. The Legislature has dealt with that question in the Laws of Missouri of 1917, pages 457, 458. In Section 37 of Article II of said Laws it is provided that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any road district, shall be paid into the county treasury and placed to the credit of the special road district, from which it arose, and shall be paid out to the respective road districts upon warrants of the county court in favor of the commissioners, treasurer or overseer of the district as the case may be.

We have held that the Legislature may direct the disbursement of these funds without contravening Section 22 of Article 10 of the State Constitution. [State ex rel. v. Burton, 206 Mo. 211.]

Section 22 of Article 10 of the State Constitution is as follows:

"*Special road and bridge tax.* In addition to taxes authorized to be levied for county purposes under and by virtue of Section 11 of Article 10 of the Constitution of this State, the county court in the several counties of this State not under township organization, and the township board of directors in the several counties under township organization, may, in their discretion, levy and collect, in the same manner as state and county taxes are collected, a special tax not exceeding twenty-five cents on each $100 valuation, to be used for road and bridge purposes, but for no other purpose whatever; and the power hereby given said county courts and township boards is declared to be a discretionary power."

It will be noted that this section of the Constitution, in plain and simple language, provides, in addition to taxes authorized to be levied for county purposes (under Sec. 11, Art. 10, Const.), that the county courts may levy and collect, as state and county taxes are collected, a special tax of not more than twenty-five cents on each one hundred dollars' valuation, to be used for roads and bridges, but for no other purpose whatever; and the power thus conferred on the county courts is declared to be discretionary. This is an express grant of power to the county courts, and is a limitation of the power of the Legislature; a power granted to the county courts to *levy and collect* a special tax for road and bridge purposes. The Legislislature, in 1909, passed an act in almost the identical language of this section of the Constitution, purporting to enforce this section of the Constitution. [Sec. 10842, R. S. 1909; now Sec. 10683, R. S. 1919.] This section of the Constitution is self-enforcing, and the courts may fix the rate within the limitation, and levy and collect taxes under said section without the aid of legislative enactment. To hold the Legis-

lature can regulate in any way the manner in which is to be exercised this discretion of the county courts to *levy and collect* taxes for the purposes named, is equivalent to the destruction of the power of discretion. The word discretion as there used must be taken in its usual and ordinary sense. As there used it means "freedom to decide or to act according to one's own judgment; unrestrained exercise of choice or will." [Webster's New International Dictionary.] No confusion will result from limiting the score of the provision of the statute which limits the power of the county courts to order a rate of tax levy on real or personal property to an increase of only ten per cent in excess of the amount produced mathematically by the levy for the previous year, so that it will not conflict with Section 22, Article 10, of the Constitution. The Legislature did not hesitate to limit the scope of said provision of the statute, for it provided in the Laws 1923, page 374, as follows:

"That the limitations contained in lines 14 to 21 herein (said lines refer to the above provision of the statute limiting the levying to 10 per cent, in excess of the amount produced by the rate of levy ordered for the previous year) shall not apply to any county containing or which shall hereafter contain not less than 12,000 inhabitants nor more than 16,000 inhabitants, and in which any part of the courthouse therein may have been or shall be destroyed or damaged by fire, or other cause when it shall become necessary to make a higher levy for the purpose of restoring or replacing such destroyed parts, or altering, or repairing such courthouse, or to preserve the same or any part thereof from waste or damage."

It will be recalled that Section 9436 (new section), Revised Statutes 1909, provided for a tax levy of not less than five cents nor more than twenty cents on the one hundred dollars valuation for road purposes, to be deducted from the levy made for county purposes. Similar provision for road and bridge taxes is found in our laws down to the present time. Some of the statutes are discretionary, and some are mandatory as to the minimum amount to be levied for road and bridge purposes. All of them are enacted by the Legislature under authority of Sections 1 and 10 as limited by Section 11 of Article 10 of the Constitution. It will be noted that the funds necessary for road purposes have been taken care of solely by statutes enacted under authority of these sections of the Constitution until the adoption, in 1908, of the amendment to the Constitution designated as Section 22, Article 10. All of these statutes authorized a tax levy for road purposes not to exceed twenty cents on the one hundred dollars' valuation. Most of the statutes directed a tax levy for road purposes of not less than five cents on the one hundred dollars' valuation, or ten cents on the one hundred dollars' valuation; and each year the county

courts may or must, according to the wording of the statute, order this tax levy for road purposes.

We do not hold that the tax levy for road purposes directed· by Section 10682, Revised Statutes 1919, and previous statutes, must be lodged by the county court under the levy for general county purposes and not under the levy for special road and bridge purposes authorized by Section 22 of Article 10 of the Constitution. It·is not necessary to decide this question.

A consideration of the statutes above referred to forces the conclusion that the foundation of the finances for road purposes rests on these statutes, authorized by Sections 1 and 10 as limited by Section 11 of Article 10 of the Constitution, for the reason the several counties must, since the enactment of Section 10595 (Laws 1911, p. 358), levy taxes for road purposes. Whereas, Section 22 of Article 10 of the Constitution expressly grants an absolute discretion to the county court to levy a tax or not to levy a tax for road purposes, as its judgment may suggest. The tax of twenty cents on the one hundred dollars' valuation will be sufficient for road purposes in many of the counties; even a less sum may be sufficient. However, there may be counties during a certain time in need of more funds for road purposes than can be realized from a levy of twenty cents on the one hundred dollars' valuation, authorized by Section 10683, Revised Statutes 1919. Many emergencies may arises causing the need of more money, for such purposes, than can be realized under the levy authorized by said section. It is no answer that the Legislature in that event could raise the maximum of twenty cents on the one hundred dollars' valuation for road purposes. The rate fixed for county purposes in counties having ten million dollars and not exceeding thirty million dollars is fifty cents on the one hundred dollars' valuation, hence only thirty cents on the one hundred dollars valuation is left for other general county purposes. It is not likely the Legislature could, in fairness to other demands for county purposes, fix the maximum rate for road purposes higher than twenty cents on the one hundred dollars' valuation. Again, if a higher rate was fixed it would apply to all counties in the State, and many of these counties would not need the amount of money realized from a higher rate of taxation. Therefore, we conclude that the power granted to the county courts of this State by Section 22 of Article 10 of the Constitution to *levy and collect,* in their discretion, a *special* tax not to exceed twenty-five cents on the one hundred dollars' valuation for road and bridge purposes, is a power to be used in emergencies, as in the judgment of the court an emergency exists; and that this power was lodged by the organic law with the county courts that these emergencies might be speedily taken care of. The fact that the fund realized from a levy under Section 22 of Article 10 of the Constitution is for county purposes, is not con-

trolling or even persuasive. Certainly, it cannot be classified under general county purposes, for this classification is fixed by law (Sec. 12866, R. S. 1919) ; and the Constitution classifies it as a special road and bridge tax. It will be noted that the provision limiting the tax levy for county purposes to ten per cent in excess of the amount produced by the rate of levy for the previous year, is made a part of the statute limiting the amount of the annual tax for county purposes, which statute is authorized by Section 11 of Article 10 of the Constitution.

The case of State ex rel. Sedalia v. Weinrich, 291 Mo. 461, is cited in the majority opinion in the case of State ex rel. v. Railroad, 275 S. W. 932. This case does not aid us in reaching a conclusion on this question. It only holds that the Legislature, having the power to fix the tax rate for the city of Sedalia, can at any time reduce that tax rate.

Having in mind the express grant of power to the county courts in Section 22 of Article 10 of the Constitution, and the evident purpose of the organic law in lodging this power in said courts, we hold that Section 12865 as amended by the Laws of 1921 and 1923 (Laws 1921, p. 678; now Laws 1923, p. 373), is unconstitutional and void in so far as it may have been intended by the Legislature to limit the power granted to the county courts in Section 22 of Article 10 of the State Constitution. In so holding we do not assume the Legislature intended to limit the power granted to the county courts in said section of the Constitution. We think the Legislature only intended, by Section 12865 as amended by the Laws of 1921 and 1923, to limit rates of tax levy for county purposes which it controlled by statutes fixing said rates. It follows that the county court of Pemiscot County could legally exclude the special road and bridge tax for 1925 in determining whether it was within the law requiring that the tax levy for 1925 should not be increased more than ten per cent of the amount collected for taxes for 1924. This conclusion disposes of the other assignment of error.

The case of State ex rel. v. Railroad, 275 S. W. 932, should be overruled, and the judgment in this case is reversed and the cause remanded with directions to determine the amount due the plaintiff, and enter judgment accordingly. All concur, except *Graves, J.,* who dissents.