Dear Representative Lybyer:
This opinion is in response to your question asking:
 "Is a township board in a county under the county township organization form of government authorized under the provisions of § 12 (a) of Art. X of the Constitution to levy a road and bridge tax not exceeding fifty cents on each hundred dollars assessed valuation without a majority vote by the residents of the township or the residents of the county?"
You also state:
 "At the November general election, 1978, the voters adopted as part of the Constitution, § 12(a) of Art. X, as proposed by House Joint Resolution No. 67 of the 79th General Assembly. This constitutional provision provides that the county court in nontownship counties and the township board in township counties may levy an additional road and bridge tax not to exceed fifty cents on the hundred dollar valuation. The section further provides that before any county may increase its tax levy for road and bridge purposes above thirty-five cents it must submit such increase to the qualified voters of the county and such authorization must be granted by the voters before the fifty-cent levy can be made. The question that arises is whether or not the use of the phrase `any such county' applies only to counties that do not have a township organization form of government or whether such reference applies so as to require a vote of the entire county before any township in a county under township organization can levy fifty cents on the hundred dollars valuation or whether it requires a township in a township organization county to authorize by a majority vote the levy of a fifty-cent rate for road and bridge purposes."
House Joint Resolution No. 67 of the Second Regular Session of the 79th General Assembly, which was adopted by the voters at the general election November 7, 1978, amended § 12(a) of Art. X of the Missouri Constitution, effective at the end of thirty days after the election under § 2(b), Art. XII, Missouri Constitution.
The amendment authorized an increase in the additional tax from thirty-five cents on each hundred dollars of assessed valuation to fifty cents on each hundred dollars of assessed valuation and also inserted the provision, which we underscore in our quotation of § 12(a), as follows:
 "In addition to the rates authorized in section II [sic, should be 11] for county purposes, the county court in the several counties not under township organization, the township board of directors in the counties under township organization, and the proper administrative body in counties adopting an alternative form of government, may levy an additional tax, not exceeding fifty cents on each hundred dollars assessed valuation, all of such tax to be collected and turned in to the county treasury to be used for road and bridge purposes: provided that, before any such county may increase its tax levy for road and bridge purposes above thirty-five cents it must submit such increase to the qualified voters of that county at a general or special election and receive the approval of a majority of the voters voting on such increase. . . ." (Emphasis added)
It is our view that the reference to "the township board of directors in the counties under township organization" clearly refers to township boards organized under Chapter 65, RSMo. The reference which follows, however, in the provision which we have underscored refers only to the submission of the increase to the qualified voters of "that county" for voter approval. We believe that the reference to "that county" is inconsistent with the reference to "the township board of directors in the counties under township organization" and therefore the provision could only literally be applied to counties not under township organization.
This constitutional provision has been held to be self-enforcing.State ex rel. Kersey v. Pemiscot Land and CooperageCo., 295 S.W. 78 (Mo.Banc 1927). Thus the provision of Section 137.585, RSMo, which limits the levy by the township board of directors to thirty-five cents on each hundred dollar assessed valuation must yield to this constitutional amendment which authorizes a fifty-cent levy.
CONCLUSION
It is the opinion of this office that the township board of directors in a county under township organization is authorized to levy a road and bridge tax of fifty cents on each hundred dollars assessed valuation without a vote of the residents of the township or the residents of the county under the provisions of Section 12(a) of Art. X, Missouri Constitution.
Very truly yours,
 JOHN ASHCROFT Attorney General